(43 App. Div. 135.)

## BROWN v. WITTNER.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—ASSUMPTION OF RISK.

Where a landlord fails to comply with Laws 1882, c. 410, § 652, requiring that "all stairs shall be provided with proper banisters and railings and shall be kept in good repair" he is not liable for injuries therefrom to one who had been a tenant for years, and knew the condition of the stairs, as such tenant assumed the risk.

2. SAME—FAILURE OF LANDLORD TO COMPLY WITH STATUTE.

A landlord failing to comply with Laws 1895, c. 567, § 9, requiring that "the owner or lessee of every tenement or lodging house * * * shall keep a light burning in the hallway upon each floor of said house," is liable to a tenant injured in consequence of the want of a light.

3. SAME—CONTRIBUTORY NEGLIGENCE.

A tenant using a stairway in darkness is not thereby guilty of contributory negligence, as a matter of law.

Appeal from trial term.

Action by William E. Brown against Joseph Wittner. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Roger S. Baldwin, for appellant.
Alexander Rosenthal, for respondent.

PATTERSON, J. The complaint in this action was dismissed at the trial "on the ground that the plaintiff had not made out a cause of action." The plaintiff was a tenant and occupant of rooms or an apartment on one of the upper floors of a tenement house belonging to the defendant. On the 2d of December, 1896, after sunset, and before 10 o'clock at night, he descended the staircase; and while on the flight leading from the second story to the lower floor of the house he missed his footing and fell, and sustained injuries in consequence. This stairway was not furnished with a banister or handrail, and there was no light in the hallway, although a gas fixture was provided, the light from which, when burning, was shed upon the stairway. At the time the accident to the plaintiff occurred, the statute (section 9, c. 567, Laws 1895) required that "the owner or lessee of every tenement or lodging house in the city of New York shall keep a light burning in the hallway upon each floor of said house from sunset until ten o'clock p. m. throughout the year." There was another statute (Laws 1882, c. 410, § 652) then in force which required that "all stairs shall be provided with proper banisters and railings and shall be kept in good repair." The plaintiff's right of action is founded upon allegations of the violation of both of those requirements of law. So far as the failure to furnish a banister or handrail to the stairs is concerned, it may well be that the action would not be sustainable if that were the only cause to which the accident could be attributed; for the plaintiff had been a tenant in the house for several years, and he well knew the condition of the stairs, for he had ascended and descended them, according to his own statement, hundreds of

times. Being satisfied to remain in and upon the premises and use them for so many years in the condition in which they were, it may well be assumed that he was willing to take the risk of that condition. But with respect to the absence of a light at the time the accident occurred, and the negligence of the defendant or his servant in charge of the house in failing to have the light burning on that occasion, an entirely different question arises. There was a violation of the statute proven. The defendant's janitress testifies that the light in the hallway near this staircase was not burning at the time of the accident, but that she was then on her way to light it. The evidence of the plaintiff and of another witness is that it was very dark on the stairway. There was neglect to comply with the statute. The gas was not burning during all the time required by that statute, and, if the injury happened to the plaintiff in consequence of the want of that light, the violation of the statutory duty gave the right of action to the injured party. Pauley v. Lantern Co., 131 N. Y. 90, 29 N. E. 999; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986; Pitcher v. Lennon, 12 App. Div. 356, 42 N. Y. Supp. 156; Hanrahan v. Cochran, 12 App. Div. 91, 42 N. Y. Supp. 1031. There was evidence from which the jury could have inferred that the violation of the statute in the neglect to furnish light was the cause of the accident. The plaintiff's statement is that as he was descending the stairs with small fish kettles in one hand, supporting himself by the other hand against one of the walls of the stairway, he missed his footing, slipped, and fell. The whole tenor of the evidence is that in consequence of the darkness the plaintiff made the misstep, and we must take the inference most favorable to the plaintiff that can legitimately be drawn from the testimony. There was enough, therefore, to go to the jury on the question of the defendant's negligence. It could not be adjudged, as matter of law, that the plaintiff was guilty of contributory negligence. That the plaintiff used the stairway in darkness does not, in and of itself, convict him of contributory negligence. Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088; Totten v. Phipps, 52 N. Y. 354. He lived upon one of the upper floors. This stairway led from the ground floor to the second floor, and he was on his way to the street. Whether he was guilty of contributory negligence was a matter for the jury to determine, upon all the facts and circumstances of the case.

A cause of action was proven, and the judgment appealed from should be reversed, with costs to abide the event. All concur.