(31 Misc. Rep. 510.)

DWYER v. McLOUGHLIN.

(City Court of New York, General Term.   May 1, 1900.)

1. PLEADING—ADMISSIONS OF ANSWER—AFFIRMATIVE ALLEGATIONS NOT PROVED.
   Where, in an action to recover for personal injuries received by plaintiff through defendant's negligence in so improperly maintaining a guard consisting of a plank placed on top of barrels in front of his excavation that the plank fell on plaintiff, an infant, playing about the excavation, and injured him, the answer admitted that at the time of the accident the defendant owned the premises, and prior to that time had caused the excavation to be commenced, plaintiff was entitled to the full benefit of such admission, without regard to affirmative allegations of the answer not proved.

2. NEGLIGENCE—INJURY TO INFANT—NEGLIGENCE OF INFANT—NEGLIGENCE OF PARENTS—QUESTION FOR JURY.
   Where defendant had caused an excavation to be made on his premises, which excavation was within a foot of the sidewalk, and a plank was placed in front of the excavation across the top of empty barrels set on end, and plaintiff, a boy of 6, having had his mother's permission to go out and play, jumped into the excavation, and was injured by the plank's falling on him, it could not be said as a matter of law that the plaintiff was personally negligent, or that his parents were negligent in permitting him to play on the sidewalk.

3. SAME—EXCAVATION—PROVIDING GUARD.
   Laws 1892, c. 275, § 473, provides that all excavations shall be properly guarded so as to prevent danger to life and limb by the person causing the excavations to be made. Held, that where defendant had made an excavation on his premises within a part of the sidewalk, and a plank was placed in front of the excavation across the top of empty barrels, and plaintiff, an infant, while at play, jumped into the ditch, and was injured by the planks falling on him, it authorized the jury to find that the excavation was not properly guarded.

4. SAME—INFANT AS TRESPASSER.
   The defendant could not avoid liability on the ground that plaintiff was a trespasser, since the excavation adjoined a highway.

Appeal from trial term.

Action by Thomas Dwyer, an infant, against Thomas J. McLoughlin.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

See 57 N. Y. Supp. 220.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Philip Carpenter, for appellant.
Thomas C. Ennever, for respondent.

O'DWYER, J.   The action is brought to recover damages for personal injuries received by the plaintiff, a boy 6 years of age, through defendant's negligence in so improperly maintaining the guard, consisting of a heavy plank placed on top of barrels, in front of his excavation on 134th street, that the plank fell upon the plaintiff, injuring him.   The answer admits that at the time of the accident the defendant owned the premises, and that prior to that time defendant caused to be commenced the work of making the excavation, and plaintiff is entitled to have the full benefit of those admissions, without regard to the affirmative allegations of the answer not

proved. The proof shows that the lot was about 25 feet wide, and was excavated the whole width about 8 to 12 feet deep. The excavation came to within 1 foot of the sidewalk flags. A plank about 3 inches thick, 8 inches wide, and 25 or 26 feet long was placed in front of the excavation, across the top of three empty barrels set on end. The plaintiff lived with his parents at 588 East 134th street, and the excavation was at No. 608 East 134th street, and had been there four or five months. The plaintiff was playing tag with a number of other boys in the neighborhood of the excavation, and, with a lot of other boys, jumped into the excavation. The plank that was across the barrels was thrown down on top of him, and inflicted the injuries. The plaintiff had come out of school at 3 o'clock, and went home, and asked his mother for leave to go out to play, and she said, "All right." The statute required the defendant to properly guard and protect the excavation. "All excavations shall be properly guarded and protected so as to prevent the same from becoming dangerous to life and limb, * * * by the person or persons causing the excavations to be made." Laws 1892, c. 275, § 473.

The plaintiff claimed that it could not be said, as matter of law, that the 6 year old plaintiff was personally negligent, nor that it was negligent as matter of law for his parents to permit him to go unattended on the sidewalk in the neighborhood of his home, and that the question of the defendant's negligence in maintaining the guard was for the jury to determine. In these contentions the plaintiff is sustained by ample authority. Whatever the rule would have been if the plaintiff had been an adult, this 6 year old plaintiff was entitled to have the question of his negligence submitted to the jury, and, if they found him to be non sui juris, then to have the question of his parents' negligence in permitting him to play upon the sidewalk determined by them. Earl v. Crouch (Sup.) 16 N. Y. Supp. 770; Crawford v. Manufacturing Co., 8 Misc. Rep. 48, 28 N. Y. Supp. 514; Schmidt v. Cook, 12 Misc. Rep. 449, 33 N. Y. Supp. 624; Mullaney v. Spence, 15 Abb. Prac. (N. S.) 319.

It was competent, on the evidence, for the jury to find that the defendant had not properly guarded and protected this excavation. Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385; Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615; Dorrity v. Rapp, 72 N. Y. 307; Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391. The plaintiff or his parents can not be held negligent as matter of law. Kunz v. City of Troy, 104 N. Y. 350, 10 N. E. 442; Costello v. Railroad Co., 161 N. Y. 317, 55 N. E. 897; Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108.

The excavation adjoining a public highway, the plaintiff in this case (6 year old boy) was not a trespasser. Mullaney v. Spence, 15 Abb. Prac. (N. S.) 319.

We are of opinion that the facts proved in regard to the injuries and the negligence of the person who maintained the alleged guard entitled the plaintiff to have those issues submitted to the jury.

It follows that the judgment appealed from should be reversed, and a new trial had, with costs to appellant to abide the event. All concur.