PHILIP ROHRBACHER, Respondent, *v.* MARY A. GILLIG et al., Appellants.

**Negligence — contributory negligence — when person injured by falling into elevator shaft in unlighted hall guilty of contributory negligence.**

1. A person coming into an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified in the absence of any special stress of circumstances in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress.

2. Plaintiff entered a building occupied by several tenants for the purpose of transacting business with tenants on one of the upper floors, and passing the stairway went on through the hallway

which was so dark that he could not see distinctly where he was going, and continuing " at his regular gait," stepped in a half-open door and fell to the bottom of an elevator. shaft. It was not shown that defendants, the owners of the building, had assumed any obligation to keep the hallway lighted or that any statutory provision applied to the existing condition. *Held,* that the defendants were not shown to have neglected any legal duty to plaintiff, and further that he was guilty of contributory negligence.

*Rohrbacher* v. *Gillig,* 140 App. Div. 883, reversed.

(Argued October 31, 1911; decided November 28, 1911.)

Appeal from a judgment of the Appellate Division ·of the Supreme Court in the fourth judicial department, entered July 23, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Gibbons* and *Henry W. Pottle* for appellants. As a general proposition and in the absence of unusual and extraordinary circumstances the owner of a building used and occupied by several tenants is not negligent simply because he fails to keep the halls and stairways of a building lighted. (*Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Brugher* v. *Buchtenkirch,* 167 N. Y. 153; *Gorman* v. *White,* 19 App. Div. 324; *Racine* v. *Morris,* 201 N. Y. 240.) The plaintiff failed to show himself free from contributory negligence. (*Brugher* v. *Buchtenkirch,* 167 N. Y. 153; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674; *Dailey* v. *Distler,* 115 App. Div. 102; *Weller* v. *Consolidated Gas Co.,* 198 N. Y. 98.)

*Hamilton Ward* for respondent. The defendant was guilty of negligence in maintaining the premises in the condition in which they were at the time of the accident, and the questions of negligence were properly submitted by the trial court. (Thompson on Neg. § 968; *Dunn* v. *Duran,* 9 Daly, 389; *Beck* v. *Carter,* 68 N. Y. 283;

*Swinarton* v. *Boutillier*, 7 Misc. Rep. 639; *Flynn* v. *C. R. R. Co.*, 142 N. Y. 439; *Graham* v. *Bauland Co.*, 97 App. Div. 141; *Quirk* v. *S. C. Co.*, 43 App. Div. 464; *Hillyer* v. *L. S. S. Co.*, 133 App. Div. 125; *McRickert* v. *Flint*, 114 N. Y. 222; *Simons* v. *Peters*, 85 Hun, 93.) The question of plaintiff's contributory negligence was for the jury. (*McRickert* v. *Flint*, 114 N. Y. 222; *Simon* v. *Peters*, 85 Hun, 93; 20 App. Div. 252; *Dawson* v. *Sloan*, 17 J. & S. 304; 100 N. Y. 620; *Atkinson* v. *Abraham*, 45 Hun, 238; *Hillyer* v. *L. S. S. Co.*, 133 App. Div. 125; *Towsey* v. *Roberts*, 114 N. Y. 312; *Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Totten* v. *Phillips*, 52 N. Y. 354.)

GRAY, J. This action was brought to recover damages for the personal injuries sustained by the plaintiff from falling down an elevator shaft, in a building owned by the defendants. He obtained a verdict in his favor and the judgment, upon that verdict, has been affirmed by the Appellate Division, by the divided vote of the justices.

These were the circumstances. The plaintiff, a man of fifty-six years of age, had occasion to enter the building for the purpose of transacting some business with tenants upon the fifth floor. Its five floors were leased out to several tenants; the ground, second and third floors being used as a restaurant and the fourth and fifth floors for other business purposes. The entrance to the building from the street admits to a hall, which extends some distance back into the building. Immediately, upon entering on the ground floor, appears a stairway, giving access to all of the upper stories. Passing this stairway, the hall extends back and at its end are two doorways; one on the right affording entrance into the restaurant and the other terminating the hallway and opening into the shaft of an elevator, intended and used, only, for freight purposes by the tenants of the upper floors. This

latter door opened outwards into the hall and on the wall above was the sign of "Mindel's Dining Parlors." In the afternoon of the day in question, the plaintiff entered the building and, according to his testimony, saw the broad stairway leading up from the hall; but he was deterred from entering it by noticing persons walking about in the upper hall. He thought it was a part of the restaurant and that he could find another flight of stairs. So he went on. The hallway was so dark that he could not see, distinctly, where he was going; but continuing "at his regular gait" he saw, in front of him, a door half open and, stepping in to find another stairway, fell to the bottom of the elevator shaft. It was the first time he had been in the building. The defendants did not undertake to keep the hallway lighted and the lock upon the elevator door was broken. The trial court denied motions, which were made by the defendants, at the close of the plaintiff's case and at the close of the whole case, for the dismissal of the complaint and for the direction of a verdict upon the grounds of a failure to show negligence in the defendants, or that the plaintiff was free from contributory negligence. The case was sent to the jury upon the instruction, acquiesced in by the plaintiff, that the negligence charged against the defendants was that they "permitted the hallway to be in an unlighted condition, that this doorway was out of repair, the door defective."

It is very clear, I think, upon the facts, that the defendants were not shown to have neglected any legal duty to the plaintiff, with which they could properly be said to be chargeable, and it seems, equally, clear that the plaintiff contributed to the result of his ill-advised venture in the hall by a failure to exercise that caution which the situation should have suggested to him. It was not shown that the defendants had assumed any obligation to keep the hallway lighted; or that the provisions of the statute applicable to tenement houses, or tenant factories, had

any application. A broad well-lighted stairway led to the floors above. There was nothing to indicate the existence of any other stairway, or of any elevators. The plaintiff had a right to be upon the premises and if, upon entering them, a plain and safe access to the upper floors was afforded him, in the usual way, the defendants owed him no other duty. They were not insurers of his safety. This hallway was no place for the public and of this persons were sufficiently advised by the absence of any light, or of any invitation to follow it up. The facts are very similar to those in the case of *Hilsenbeck* v. *Guhring*, (131 N. Y. 674). In that case, the plaintiff, going through a dimly lighted hallway of an apartment house, walked through an open door and fell down the cellar steps. The particular negligence charged against these defendants was similarly charged against the defendant there and a judgment, which the plaintiff had recovered, was reversed in this court upon reasoning quite pertinent here.

Again, the situation, as revealed by the evidence, established, conclusively, contributory negligence in the plaintiff. Being upon the premises for the first time and refusing to use the broad and safe stairway before him, without any good reason in the appearance of things, he proceeded on through the hall, " at his regular gait," although " so dark that he could not see distinctly where he was going," and plunged through a half open door into an open shaft. Had he looked to the right of the door, he would have seen an entrance to the restaurant. Had he tried to discover what there was beyond the half open door, he would have found that there was no stairway and he would have been advised of his peril in proceeding further without a light. If he was unable to perceive existing conditions, that inability imposed upon him the duty of exercising the greatest caution, or of refraining from proceeding further in the building, without first finding out where he might safely go. This

27

observation was made in the opinion in *Brugher* v. *Buchtenkirch*, (167 N. Y. 153 at p. 157). In that case the plaintiff, also, continued past a flight of stairs, leading to the upper stories, and through a hall, which was unlighted, and fell down some steps. The judgment there recovered by the plaintiff was reversed in this court upon the authority of our decisions in *Hilsenbeck* v. *Guhring*, (*supra*), and in *Piper* v. *N. Y. C. & H. R. R. R. Co.*, (156 N. Y. 224). The principle, which these decisions have established, is that a person, coming into such an unfamiliar situation, where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified, in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. That was this case. There was no good reason for the plaintiff's proceeding as he did and having elected to walk on in the darkness, without even feeling his way, he must accept the consequences of his undue precipitation. The views expressed render it unnecessary to consider certain errors in the rulings of the trial court, made upon the defendant's requests to charge. They rested upon the erroneous instructions as to defendant's negligence, stated in the main charge and to which allusion has been made, and upon the view that there was a question upon the facts as to the plaintiff's contributory negligence.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, WILLARD BARTLETT, HISCOCK, and COLLIN, JJ., concur; VANN, J., concurs in result on the ground that the plaintiff was guilty of contributory negligence as matter of law.

Judgment reversed, etc.