(152 App. Div. 451.)

DOWNS v. BROWN REALTY CO.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

LANDLORD AND TENANT (§ 169*)—INJURIES FROM NEGLIGENCE—QUESTION FOR JURY.

In an action against a landlord for injuries to a third person by falling on stairs at a place where they were difficult and the light was inadequate, held, that plaintiff's negligence in descending without finding and holding the railing was a question for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

Appeal from Kings County Court.

Action by Michael Downs against the Brown Realty Company. From a judgment of the County Court of Kings County, entered in the office of the clerk of said county on the 11th day of May, 1911, dismissing his complaint at the close of his case, plaintiff appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-WARD, and RICH, JJ.

William H. Good, of Brooklyn, for appellant.
Rufus O. Catlin, of Brooklyn, for respondent.

THOMAS, J. Plaintiff was injured by falling down the stairs in a house let to several tenants, who had the use of the halls and staircases. The stairway was at the rear of the main entrance. There were some six steps, with a wall on either side, then a short turn, and several more stairs led to the landing on the second story. The stairs from the second story to the third story were over the first flight. In the entrance hall was a gaslight suspended from the ceiling 10½ feet from the stairs, and on the second story was a similar light 15 feet from the top of the stairs, and there is ample evidence that these gas jets dimly lighted parts of the stairway, and that at least at the place where the plaintiff fell he could not see the stairs, and that he was obliged to feel his way down. The treads of the stairs were narrow at the inside of the curve and wide at the outside.

The evidence is ample that the stairs were difficult in the light, and dangerous in darkness or obscurity, and that on the evening in question the facilities for lighting them wholly inadequate. But it is contended that the plaintiff was per se negligent, and so the burden of care and the penalty for the accident is lifted from the landlord, who even by statute was required to keep a proper light near the stairs (Tenement House Law, Laws 1901, c. 334, § 1, now Consolidated Laws 1909, c. 61, § 76), to one of the class of persons whom the law was intended to protect. In other words, the ruling thus far is that the beneficiary of the statute loses its benefit if, found at the stairs in the darkness, he proceeds at least without finding and clutching the railing. There may be states of fact that justify such conclusions of law, but they are not present. The plaintiff, with his wife, had called on a friend, whose door was a few feet away from the top of the stairs, and had come out, followed by his friend, who shut the door behind him. The plaintiff had no knowledge of the stairs, save as he gained it in ascending, when his way led him on the side where the treads were uniformly wide, and where a wall for the first six steps and a hand rail for the rest of the way aided the ascent. When he came down he placed his right hand against the wall, but does not remember whether his left hand was on the rail, and so he felt his way along.

What should he have done? Stopped at the head of the stairs, and demanded a light of his friend, or in its absence retreated? If he was privileged to go down without himself providing the light that the statute commands the landlord to furnish, should he have recalled that there was a railing for his left hand and seized it, if, indeed, he did not? The law does not prescribe the manner of descending dark, twisting stairs. Perchance it was the more useful for his equilibrium to feel his way with one hand than to stretch out both as he was winding downwards. But that is a matter of argument, and the facts

and proprieties should be discussed. to the jury. Before such proper tribunal the defendant may be convincing; but the law has no strict rule that a departing visitor on unfamiliar stairs, merged at a sharp turn in total darkness, must not venture to use the stairs at all, or must retreat, or must stretch out both hands to feel or seize.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.