DORA LAUFER, Appellant, *v.* MORRIS SHAPIRO, Respondent
MAX LAUFER, Appellant, *v.* MORRIS SHAPIRO, Respondent.

First Department, October 31, 1924.

Negligence — action by wife to recover for injuries and by husband for loss of services — janitress of tenement fell into open trap in dimly lighted hall — janitress called for help and wife went to her assistance and fell into trap — equal duty on landlord to janitress and to wife — not, as matter of law, contributory negligence for wife to fail to wait until her vision was adjusted to light in hall — question should have been submitted to jury.

In actions by a woman to recover for injuries suffered when she fell into a trap in the hall of a tenement house and by her husband to recover for loss of services, in which it appeared that the janitress of the tenement went into the hall and fell into the open trap, and that she called for assistance and the wife rushed down the stairs into the hallway, which was dimly lighted, and also fell into the uncovered trap and suffered injuries for which these actions are brought, it was error for the court to hold, as a matter of law, that the wife was guilty of contributory negligence in not waiting a sufficient time to allow her vision to become adjusted after she entered the dimly lighted hall, for, under the circumstances, it was a question of fact whether her action, in view of the cry of distress by the janitress, constituted contributory negligence.

The owner of the tenement owed an equal duty to the janitress and the one who came into the building in answer to her cry of distress, to provide a safe passageway.

CLARKE, P. J., and MARTIN, J., dissent.

APPEAL in the first above-entitled action by the plaintiff, Dora Laufer, and in the second above-entitled action by the plaintiff, Max Laufer, from a judgment of the Supreme Court in favor of the defendant in each action, entered in the office of the clerk of the county of Bronx on the 14th day of April, 1923, upon the dismissal of the complaint at the close of the plaintiff's case.

*Anderson, Phillips & Moss [Harry G. Anderson* of counsel; *Nathaniel Phillips* with him on the brief], for the appellants.

*Bertrand L. Pettigrew [Walter L. Glenney* of counsel], for the respondent.

SMITH, J.:

The actions are brought by Dora Laufer, and her husband, Max Laufer, for negligence, the action by Dora Laufer being for personal injuries and the action by Max Laufer for loss of services.

The defendant was the owner of a tenement at 1018 East One Hundred and Fifty-sixth street. One Lena Walsh had been employed as a janitress for the defendant for about nine months prior to the date in question, and she was during said time and at the time of the accident living in a four-room apartment in the rear of the basement. Ingress to and egress from her apartment could be had only from a hallway which led to a stairway, which in turn led to the street. At the street end of the hallway was a door partly covered by wood and partly by glass. One could not see through the door into the hallway.

Mrs. Walsh's testimony is to the effect that without her knowledge there was a trap covered by a hinged iron door at the street end of the hallway. The size of this trap and the distance from the door are clearly shown in the exhibits. Mrs. Walsh further testifies that on the morning of September 14, 1921, she left her apartment and proceeded along the hallway for the purpose of doing some marketing. The cover of the trap door was then closed as she went out of the door, and at the butcher shop she met her neighbor, the plaintiff, Dora Laufer. Mrs. Laufer accompanied Mrs. Walsh as far as the stairway leading to the basement from the street. Mrs. Walsh then went down the stairway, opened the door, took a step or two, and fell into the trap which was uncovered. It appeared that the cover had been raised by the plumbers employed by the defendant to make repairs or alterations to the water supply system. Mrs. Walsh then cried for assistance and her cries were heard by the plaintiff, Dora Laufer, who rushed down the stairs into the hallway and was also precipitated into the same uncovered trap.

It is not necessary to consider the extent of her injuries, as the court dismissed the complaints.

There was an equal duty owing to the janitress and to one who came into the building to answer her cry of distress. This would seem to be settled by the case of *Wagner* v. *International Railway Company* (232 N. Y. 176). The main contention of the respondent is that these directed verdicts were authorized by reason of the contributory negligence of Dora Laufer, when she came from a lighted

street into the hall which was dimly lighted. She came in response to a cry of distress. She could not see that this trap door was up, and while ordinarily a person who cannot see by reason of temporary blindness from going from a lighted to a dark place is bound to wait until the eye adjusts itself to the place, contributory negligence cannot be held as matter of law in case of a person running to rescue another after hearing a cry of distress from what might appear to have been an injury or a dangerous situation. That was, I think, a question for the jury to determine, with the duty existing on the part of the defendant to provide a safe passageway for the janitress and for any one called into the building to assist in an emergency. The plaintiffs' case should have been submitted to the jury.

The holding necessarily follows that the direction was erroneous and that the judgment in both cases should be reversed and a new trial granted, with costs to appellants to abide the event.

DOWLING and FINCH, JJ., concur; CLARKE, P. J., and MARTIN, J., dissent.

In each case: Judgment reversed and new trial granted, with costs to appellant to abide the event.