MAX SILVERMAN, Appellant, *v.* ULRIKA REALTY CORPORATION, Respondent.

First Department, November 3, 1933.

*Louis Zimmerman,* for the appellant.

*Maximus A. Lesser,* for the respondent.

UNTERMYER, J. At nine-thirty in the evening of September 3, 1929, the plaintiff accompanied his wife, who was in need of medical attention, to a physician whose office was in an apartment house owned by the defendant. According to the plaintiff's testimony, he opened the door leading from the street and, followed by his wife, advanced into the vestibule. The plaintiff's evidence, con-

tradicted by evidence offered by the defendant, was to the effect that the vestibule was in complete darkness and that after proceeding five or six feet he stumbled against a step in the vestibule, sustaining the injuries for which this action was brought. The jury found a verdict in favor of the defendant.

The only error complained of on this appeal relates to the charge of the court on the question of the plaintiff's contributory negligence. The court in substance charged that if the plaintiff, realizing that the vestibule was dark, proceeded further and was injured, he was guilty of contributory negligence as a matter of law. The court, it is true, submitted to the jury the question whether the plaintiff advanced into the vestibule after perceiving that it was dark, but it coupled the submission of that question with specific instructions that if the jury found that the plaintiff was conscious of the darkness and proceeded further he was guilty of contributory negligence as a matter of law. Since the plaintiff had testified that the vestibule was " pitch dark " and that he observed the condition when he opened the vestibule door, the charge was tantamount to the direction of a verdict in favor of the defendant. We think the court was in error in these instructions to the jury. The question of the plaintiff's negligence should have been submitted to the jury as an issue of fact to be determined in accordance with the jury's conception of ordinary care. We are concerned here with a situation in which, by statute (Multiple Dwelling Law, § 40), the primary duty of furnishing light rested on the defendant as the owner of the premises. That duty was imposed for the protection both of tenants and the visitors of tenants who, like the plaintiff, might have occasion to use the public halls. (*Loucks* v. *Dolan*, 211 N. Y. 237.) To hold that the plaintiff was negligent as matter of law in proceeding through a vestibule or hallway in which the defendant had failed to furnish light is, in effect, to accord to the owner immunity from the consequences of the violation of the statute no matter how willful or persistent it may be. So unrelenting a rule of contributory negligence ought not to be applied where it results in relieving the landlord from performance of a statutory duty by shifting that duty upon those for whose protection the statute was intended. (Cf. *Downs* v. *Brown Realty Co.*, 152 App. Div. 451.) The jury should have been instructed that the question of the plaintiff's negligence was one of fact to be determined in the light of all the circumstances. The jury would then have been entitled to offset the care actually exercised by the plaintiff in moving in the darkness, the character of the place where the accident occurred (*Dollard* v. *Roberts*, 130 N. Y. 269), the special circumstances requiring the plaintiff to

reach the physician without delay (*Laufer* v. *Shapiro*, 210 App. Div. 436), against any danger ordinarily to be apprehended by proceeding in the dark (*Totten* v. *Phipps*, 52 N. Y. 354.)

The decisions principally relied on by the defendant (*Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224; *Brugher* v. *Buchtenkirch*, 167 id. 153; *Rohrbacher* v. *Gillig*, 203 id. 413) are of a very different character. None were cases where the absence of light constituted the violation of any statutory duty. None were cases where the plaintiff was injured in a place through which it was necessary to pass in order to reach his destination. In all there were other peculiar circumstances, indicative of negligence. More pertinent here, we think, are the decisions in *Kenney* v. *Rhinelander* (28 App. Div. 246; affd., 163 N. Y. 576); *Brown* v. *Wittner* (43 App. Div. 135) and *Bornstein* v. *Faden* (149 id. 37; affd., 208 N. Y. 605). In *Brown* v. *Wittner* (*supra*) a tenant was injured while using a stairway which the owner, in violation of the statute, had failed to light. The question of the plaintiff's negligence was held to be entirely one of fact. This court said (p. 137): " It could not be adjudged as matter of law that the plaintiff was guilty of contributory negligence. That the plaintiff used the stairway in darkness does not in and of itself convict him of contributory negligence. (*Kenney* v. *Rhinelander*, 28 App. Div. 246; *Totten* v. *Phipps*, 52 N. Y. 354.) He lived upon one of the upper floors; this stairway led from the ground floor to the second floor, and he was on his way to the street. Whether he was guilty of contributory negligence was a matter for the jury to determine upon all the facts and circumstances of the case." More recently in *Bornstein* v. *Faden* (*supra*) this court cited with approval the decision in *Brown* v. *Wittner* (*supra*) and in a similar situation said (p. 40): " It was not contributory negligence as matter of law to use the stairway knowing that it was not lighted, for the decedent had a right to use it. (*Brown* v. *Wittner*, 43 App. Div. 135.) "

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., and GLENNON, J., concur; MERRELL and TOWNLEY, JJ., dissent and vote for affirmance.

MERRELL, J. (dissenting). Plaintiff brought this action to recover for personal injuries alleged to have been sustained by reason of the negligence of defendant, the owner of premises at 29 Fifth avenue, in the borough of Manhattan, New York city. Plaintiff alleges that on the night of September 3, 1929, at about half-past nine o'clock, he went to the premises in question for the purpose of visiting a Dr. Levy. The plaintiff was accompanied by his

wife, who required medical attention on the part of Dr. Levy. Plaintiff testified that when he and his wife reached the apartment house in question they opened the outer doors leading onto Fifth avenue and entered a dark hallway; that as they entered they found the hallway pitch dark and could see nothing ahead of them. Plaintiff testified that he took four or five steps forward, his wife following him, and that as he did so he struck some obstacle which proved to be a single step in the hallway, and fell sustaining the injuries for which he sued. Plaintiff and his wife testified positively that the hallway was entirely dark and that they were unable to see anything ahead of them as they proceeded after entering the hall or vestibule.

Dr. Levy, whom the plaintiff and his wife were intending to visit, had his office on the ground floor opening into the hallway, and, hearing a commotion, opened his door and assisted the plaintiff to his feet and into his office. Dr. Levy testified that he saw no light burning where the plaintiff was attempting to walk.

The defendant's superintendent testified that the hallway in question at all times was fully lighted and that there was a four-cluster light almost over the point where the plaintiff fell, and that he himself turned on the light at dusk on the evening of the third and turned it off on the following morning about six o'clock. He testified that no one could turn the light off or on but himself.

After hearing the evidence, and a very fair charge on the part of the justice presiding at the trial, the jury rendered a verdict in favor of defendant.

The only ground upon which plaintiff seeks reversal is upon alleged error claimed to have been committed by the court in instructing the jury on the question of contributory negligence on the part of the plaintiff. The charge is brief and at one point the court charged the jury that where an individual enters a place in darkness with which he is not familiar and cannot see ahead of him and proceeds in darkness notwithstanding, " blindly proceeds," under the circumstances he is to be deemed guilty of negligence as matter of law. *The court, however, left it to the jury to determine as a question of fact whether under the circumstances the plaintiff was guilty of contributory negligence which was the proximate cause of his injuries.* The charge as a whole was a very fair one and I think no error was committed by the court in instructing the jury.

The testimony in the case presented a question of fact as to whether the hall was or was not lighted. The court instructed the jury that the only grounds on which they could find negligence on the part of the defendant was that the defendant had failed to obey the provisions of the Multiple Dwelling Law and provide

light between darkness and daylight in the hallways of the building. The jury had a right to believe the testimony of the superintendent of the defendant, and also the defendant's president, both of whom testified that the hallway was lighted at all times, and to disbelieve the testimony of the plaintiff who testified that there was no light in the hallway. But beyond this I think the court correctly instructed the jury that they might find the plaintiff guilty of contributory negligence if he proceeded blindly to grope about in darkness when he was unable to see where he was going. The authorities on the subject support the court's instruction in this respect. The case of *Piper* v. *N. Y. C. & H. R. R. R. Co.* (156 N. Y. 230) is in point. In that case Judge GRAY, writing for the Court of Appeals, said: " We must hold, as matter of law, that the plaintiff was guilty of contributory negligence in utterly failing to use that prudence which was especially incumbent upon him under the circumstances of the situation. The darkness called upon him to use it and had he done so, the accident could not, within any reasonable probability, have happened. A person, whose power of vision is temporarily obstructed by some supervening condition, should take the greater care and should, if it be possible, await its passing away. If he neglects to proceed cautiously, he must accept the consequences of his undue precipitation."

In *Schabel* v. *Onseyga Realty Co., Inc.* (233 App. Div. 208) the court quoted (at pp. 212 and 213) as follows: " If the hallway was dark, a greater duty rested upon the plaintiff to exercise care for her own safety. * * * It is common knowledge that danger lurks in groping about in a strange place in the darkness. * * * *Had she proceeded blindly and fallen, she would have been guilty of contributory negligence as a matter of law*, under the rule laid down in the above and kindred cases." (Italics are the writer's.)

The *Piper* case was again followed as in point in *Brugher* v. *Buchtenkirch* (167 N. Y. 153, 157). In that case the plaintiff had entered an apartment house on business with a tenant. She had never been in the house before and while trying to pass through a dark hallway she fell down a short flight of steps and was injured. The plaintiff was nonsuited at Trial Term. The Appellate Division reversed, but the Court of Appeals reversed the Appellate Division, declaring: " But whatever may be the reason that the plaintiff was unable to perceive the condition of the hall, that inability imposed upon her the duty of exercising greater caution or of refraining from proceeding further in the building without first finding out where she might safely go. * * * We are of opinion that the plaintiff failed to prove either element of her cause of

action, the negligence of the defendant, or her freedom from contributory negligence."

Again, the *Piper* case, which is a leading authority, was cited and followed in *Rohrbacher* v. *Gillig* (203 N. Y. 413). Judge GRAY, writing for the Court of Appeals, said (p. 418): "The principle, which these decisions have established, is that a person, coming into such an unfamiliar situation where a condition of darkness renders the use of his eyesight ineffective to define his surroundings, is not justified in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress."

Under the circumstances of this case, both upon the determination of the question of fact as to whether the hall was lighted in favor of the defendant, the jury disbelieved the testimony of the plaintiff and his wife that the hall was unlighted, and also upon the testimony the jury could well find the plaintiff guilty of contributory negligence barring any recovery. We are, therefore, of the opinion that, under the great weight of authority, plaintiff must be held to have been guilty of contributory negligence as matter of law; that the plaintiff, in blindly groping through the dark hallway, if, indeed, it was dark, must be held to have been guilty of contributory negligence as matter of law.

However, as above stated, the court finally left it to the jury to find as a fact whether, under the circumstances, the plaintiff, in proceeding blindly through the dark hallway, was guilty of contributory negligence. In the court's main charge to the jury, after giving the jury the alleged erroneous instructions, the court charged the jury as follows: " It is for you to say whether at the time this plaintiff proceeded further, that is, after he opened the door, the entrance to the building, he saw it was dark and he could not see where he was stepping when he walked the four or five steps as he said he did, and if so he would then be guilty of negligence as a matter of law. * * * *It is for you to say whether, under all the circumstances, this plaintiff was guilty of any negligence which proximaiely contributed to* this accident. If he was not, and if you find that there was no light and that the failure to have the light there on that night was the proximate cause of the accident to the plaintiff, that the defendant had been negligent and the plaintiff free from contributory negligence, then, of course, the plaintiff would be entitled to recover.

" Now, you have heard all the evidence and it is for you to say just exactly what the facts are. You shall determine that from what you find to be the credible evidence in the case. The plaintiff has brought this action into court and, under the law, he has the

burden of establishing by a fair preponderance of the credible evidence that the defendant was negligent and that he himself was free from any negligence proximately contributing to the accident." (Italics are the writer's.)

At the close of the court's main charge, the following request was made by defendant's trial counsel: " I respectfully ask your Honor to charge the jury that if they believe the plaintiff's story that it was pitch dark when he opened the door and then he proceeded four or five steps, or four or five feet, without being able to see ahead of him, he was guilty of contributory negligence as a matter of law." To such request the following occurred: " The Court: I refuse to charge other than I have heretofore charged. It is for the jury to find from the evidence whether, when he proceeded further after he opened the door, it was so dark that he could not see and notwithstanding the fact that he could not see he proceeded further, and if the four or five steps that he took was after he had found out that he could not see, then under those circumstances he would be guilty of negligence as a matter of law. Mr. Deutsch [Plaintiff's trial counsel]: Exception, please. Mr. McCarthy [Defendant's attorney]: I ask your Honor to charge the jury that if they so find those were the facts they must find for the defendant. The Court: I have already charged that if the plaintiff has been guilty of any negligence which proximately contributed to the accident, of course the plaintiff cannot recover. Mr. Deutsch: Your Honor will allow me an exception, please."

Thus, notwithstanding the claimed error, the court finally left it for the jury to determine as a question of fact whether the plaintiff had himself been guilty of contributory negligence. The court's final instructions to the jury cured any possible previous error, and the jury well understood that they were to find as a fact whether the plaintiff had been guilty of such negligence as prevented a recovery of damages for his injuries.

The judgment appealed from should be affirmed, with costs to defendant, respondent, against plaintiff, appellant.

TOWNLEY, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.