PIERCE POWER-WATERS, Appellant, v. PENNSYLVANIA RAILROAD COMPANY and Others, Respondents; ATLANTIC ELEVATOR COMPANY, INC., Defendant.— Judgment entered upon a dismissal of the complaint at the close of plaintiff's case reversed on the law as to defendants Long Island Railroad Company and Julius Auserehl, Inc., and a new trial granted, with costs to appellant to abide the event. As to defendant Pennsylvania Railroad Company, the judgment is unanimously affirmed, with costs. Plaintiff was upon the station platform of defendant Long Island Railroad Company in order to meet a friend arriving on a train stopping at the station. While walking along the station platform he found it necessary to visit a toilet. He proceeded to enter an opening or recess in a building where he believed he would find facilities. There was sufficient light inside of the opening for him to take two or three strides. It then became dark. He stopped, proceeded to light a match, and, while stretching out his arm to do so, was precipitated into a pit and injured. Plaintiff was an invitee of the Long Island Railroad Company. It and defendant Julius Auserehl, Inc., which was constructing the building, owed him the duty of using reasonable prudence to keep the station platform in such a condition that those who went there should not be unreasonably and unnecessarily exposed to danger. (*Blaisdell* v. *Long Island Railroad Co.*, 152 App. Div. 218.) It was a question of fact for a jury to determine whether under the circumstances it was negligence for plaintiff to enter this opening. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413.) Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v. MUSROC REALTY CORPORATION, Appellant, and Others, Defendants.— In an action to foreclose a mortgage on real property, defendant Musroc Realty Corporation moved to direct the receiver to deliver to it five gas refrigerators and a stated sum of money, representing the reasonable value of a quantity of coal, and to set aside from the income derived from the premises a sum sufficient to pay said defendant, at the rate of four dollars a month, for the use of said refrigerators. The motion was denied. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS COLON, Appellant.— Judgment of the County Court of Kings county convicting defendant of the crime of contriving, drawing and assisting in a lottery, reversed on the law, indictment dismissed and defendant discharged, on authority of *People* v. *Joseph Weber* [*post*, p. 827], decided herewith. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER CONQUEST, JR., Appellant.— Judgment of the County Court of Kings county convicting defendant of the crime of contriving, drawing and assisting in a lottery, reversed on the law, indictment dismissed and fine directed to be remitted, on authority of *People* v. *Joseph Weber* [*post*, p. 827], decided herewith. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.