Elsie Salomon, Plaintiff, *v.* Timpson Place Construction Corp., Defendant.

City Court of New York, Trial Term, Bronx County, March 9, 1938.

*Theodore Reitman,* for the plaintiff.

*Arthur B. Kelly,* for the defendant.

Donnelly, J.   This action, which is to recover for personal injuries sustained by plaintiff as the result of a fall in the dark after sunset on the landing at the head of a staircase in defendant's premises, appeared in its regular order on the non-jury calendar of this court, and was tried before me without a jury.

Plaintiff was one of defendant's tenants.   She resided on the ground floor of the building, a multiple dwelling; her mother, on the fourth floor.   About a quarter past seven o'clock P. M. on the day of the accident, plaintiff left her apartment, proceeded to the self-service elevator in the building, entered it and went to visit her

mother. She remained in her mother's apartment for about twenty minutes, and then left to return to her own apartment. The door of her mother's apartment is directly opposite the head of the stairs where the accident happened. As plaintiff departed from her mother's apartment, the door by which she left automatically closed behind her. She walked along the hall to the elevator, intending to use it to go down to her apartment. She waited at the elevator for some time; apparently it was not running. She returned along the hall for a distance of about fifty feet to the head of the stairs; reached for the banister, missed it and fell down the stairs, sustaining the injuries for which she sues.

There was a light burning in the hall near the elevator; that light did not illuminate the landing because the hall turns at right angles to the landing. There was no light outside of the door of the apartment of plaintiff's mother.

On the day of the accident it was sunset at six-fifty-nine P. M. When the accident happened it was about seven-thirty P. M. Defendant's contention that it " performed the statutory mandate by putting on the switch which controlled the light at the head of the stairs," is without merit. If defendant's janitor did throw on the switch, there was no light at the head of the stairs where the accident happened. It is a fair inference from all of the testimony that the particular bulb at the head of the staircase was " dead " and was extinct at the time the switch was turned on.

The only question in the case is, was plaintiff guilty of contributory negligence as a matter of law in attempting, in the dark, to reach the banister at the head of the stairs? In support of his contention that this question must be answered in the affirmative, defendant's counsel cites *O' Neill* v. *Chatham Phenix Nat. Bank & Trust Co.* (242 App. Div. 511; affd., without opinion, 267 N. Y. 622). I am unable to agree with this view. In the *O' Neill* case the accident happened in the daytime (at about four P. M.) when plaintiff descending a flight of steps leading into a basement intending to go to the yard to hang her washed clothes, fell; it was dark where the accident happened, but the lack of light was caused by plaintiff, who closed the door behind her at the head of the stairs leading into the basement. It also appears in the *O' Neill* case that had she chosen to do so, the plaintiff could have had a clothes line strung from a window in her apartment on one of the upper floors of the building in which she lived. She elected to go down to and through the basement, and, in proceeding in the dark, her unfortunate accident was the result of a dangerous situation of her own creation. In the *O' Neill* case the question of the defendant's statutory duty to main-

tain an artificial light after sunset was in no way involved, nor did the issue of the violation of the statutory mandate to maintain the light after sunset arise in any of the cases cited in the court's prevailing opinion. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *Rohrbacher* v. *Gillig*, 203 id. 413; *Brown* v. *Associated Operating Co.*, 165 App. Div. 702; affd., 222 N. Y. 566; *Pattison* v. *Livingston Amusement Co.*, 156 App. Div. 368.) In *Brown* v. *Associated Operating Co.* (*supra*) the court said: " Unless one be constrained or induced, or be in emergency, it is usually *per se* negligence to walk in invisible places, whether the person is or is not familiar with what may be encountered."

At bar there does not seem to have been any other way for the plaintiff to return to her apartment after her visit to her mother, except by the stairway. She tried the elevator but apparently it was not working. The rule of law applicable in the instant case is enunciated in *Silverman* v. *Ulrika Realty Corp.* (239 App. Div. 194). There the accident occurred at nine-thirty P. M. in the vestibule leading from the street to defendant's multiple dwelling; the vestibule was in complete darkness; and as plaintiff, a visitor to one of defendant's tenants, proceded five or six feet, he stumbled against a step in the vestibule, sustaining the injuries for which he brought his action. The distinction between the *O'Neill* and *Silverman* cases is substantial rather than petty. Where no statutory duty to maintain artificial light in premises exists, one who proceeds in the dark therein does so at his peril. But where, as at bar and in the *Silverman* case, no artificial light is maintained at a time when the statute (Mutiple Dwelling Law, § 40) commands it should be maintained, it is a sound and just rule amply supported by the authorities, which requires that he who ignores the mandate should not be permitted to escape liability for an accident due to his omission, by casting the entire burden of due care upon his tenant or a visitor to his tenant. (*Silverman* v. *Ulrika Realty Corp.*, *supra*, and cases cited.)

Defendant's motion to dismiss complaint is denied. Judgment for plaintiff in the sum of $250. Exception in each instance. Ten days' stay.