BEATRICE PARKER et al., Respondents, v. Two JAY REALTY CORPORATION, Appellant.

First Department, June 15, 1954.

*John F. X. Finn* of counsel (*C. J. Pernicone* and *Norman C. Mendes* with him on the brief; *Casper B. Ughetta,* attorney), for appellant.

*Benjamin H. Siff* of counsel (*Max Lustig,* attorney), for respondents.

COHN, J.   Plaintiff, Beatrice Parker, and her husband, Herman Parker, were tenants in a seventeen-story apartment building in New York City, occupying an apartment on the fourth floor.   On the afternoon of April 29, 1949, Mrs. Parker left the apartment to go outside the building.   When she reached the passenger elevator door on her floor, she observed a sign reading " Elevator temporarily out of order ".   She proceeded to one of the service elevators on the same floor, and rang for the elevator, but waited in vain for approximately four or five minutes.   She then decided to walk down.

The stairway from the fourth floor to the third floor consisted of two sections.   In order to reach the third floor, it was necessary for Mrs. Parker to go down six steps to a landing, make a left turn, and step down one step to the second half of the landing, then turn left again and proceed six more steps to the third floor.   Mrs. Parker had never used this stairway before; she testified that she had proceeded down the first half of the stairway and fell at the step separating the two sections of the middle landing.   She stated that at the place where she fell " it was dark "; she did not see the step at the middle landing; and instead of walking down this step, she " just walked into space ".   She thereupon landed upon her foot and sustained the injuries for which this action was instituted.

Concededly, there were no defects on the stairway in question; it was of standard design and construction, and had no

dangerous features. Nor is it claimed that Mrs. Parker fell on any foreign object on the stairs. The primary issue is whether the stairway was properly illuminated, and the court so charged without exception.

In the absence of statute, the landlord at common law was under no obligation to provide artificial light. (*McCabe* v. *Mackay*, 253 N. Y. 440; *Hirschler* v. *Briarcliff Management Corp.*, 275 App. Div. 422, affd. 300 N. Y. 680.)

By statute, however, it is provided that: '' In every multiple dwelling the owner shall provide a light or lights, each of at least fifteen watts or equivalent illumination, for every vestibule and entrance hall in every public hall, stair, fire-stair and fire-tower on every floor. Said light or lights shall be located as prescribed by the department, but, in every stair, fire-stair or fire-tower, shall be so located that every part thereof shall be lighted.'' (Multiple Dwelling Law, § 37, subd. 1.)

Whether plaintiff, Beatrice Parker, was guilty of contributory negligence in proceeding downstairs, as she stated '' in the dark '' on a stairway which she was using for the first time, was properly submitted to the jury as a fact issue. (*Galligan* v. *Druidan Real Estate Co.*, 266 N. Y. 445; *Silverman* v. *Ulrika Realty Corp.*, 239 App. Div. 194, 195.) However, the evidence is undisputed that defendant had provided a light on each floor of the stairway, and particularly one on the fourth floor and another on the third floor. Plaintiffs admit that the lights were of at least fifteen watts, as required by statute. The only question remaining is whether the light shining downstairs and the one shining upstairs were so located that every part of the stairway was lighted. While the statute provides that the lights must be '' so located that every part thereof [of the stairway] shall be lighted '', yet there was adduced but little evidence in the case that the stairway was not properly lighted. Indeed, defendant's superintendent, assistant superintendent and utility relief man all testified that only forty-watt lights were installed in this stairway and that fifteen-watt bulbs were never used; that the staircase was well lighted and that there were no dark spots. A tenant who used the stairway constantly found it well lighted at all times with sufficient light to distinguish the two sections of the middle landing.

In the state of the record, we think that the verdict of the jury, which in effect held that defendant was guilty of negligence, was contrary to the weight of the credible evidence, and should for that reason be set aside and a new trial ordered.

Judgment should be reversed and new trial ordered, with costs to abide the event.

Dore, J. P., Callahan, Bastow and Botein, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.