HELEN W. MULLIGAN, Appellant, v. HELEN NOWROCKI, Doing Business under the Name of HEDGE'S GRILL, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the evidence presented questions of fact as to negligence and contributory negligence. All concur, except Vaughan and Piper, JJ., who dissent and vote for affirmance in the following memorandum: The plaintiff

and her friends were members of the Swear Club. Some thirteen of them (a most unlucky number) went out one night and visited defendant's tavern. Plaintiff had five highballs in an hour and a half and then proceeded to fall into an opening behind the bar where she had gone to take a picture of the twelve lined up in front of the bar. Plaintiff was neither expressly nor impliedly invited behind the bar. At the time of her injury she was a trespasser or at most a bare licensee. In going behind the bar she had to pass within eighteen inches of the opening which of necessity was clearly visible. Its purpose was twofold: to afford ventilation to the barroom and access to the stock stored in the basement. A light was continuously burning in the basement. There is no claim of inadequate lighting behind the bar or in the barroom. The picture, as we see it, clearly indicates a group of young women out for a good time. The bartender did nothing, in our opinion, to frighten the plaintiff unless we are prepared to say that every time someone says to a person "No, you can't do something" and then walks towards such person, that such action creates a "special stress of circumstances". (*Rohrbacher* v. *Gillig*, 203 N. Y. 413, 418.) The witnesses agree that all the bartender said was "No more pictures. It is closing time." One of plaintiff's friends gave this version of the admonition of the bartender: "the bartender turned around to her and he said 'I'm sorry, no pictures. It is too late.' And with that he walked toward Helen [the plaintiff] and Helen backed up, and that is all there was to it. She just disappeared." We are unable to agree with the majority as we can find no evidence of negligence and therefore vote for affirmance. (Appeal from a judgment dismissing the complaint in an action for damages for personal injuries alleged to have been sustained by plaintiff by reason of the negligent condition of the floor in defendant's grill.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.