■     MAURICE J. DUNN, Respondent, v. WHITE PLAINS HOUSING AUTHORITY, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from so much of a judgment entered on the verdict of a jury as is in favor of respondent against appellant. Respondent, an insurance agent, entered appellant's apartment house to call upon a policyholder

whose apartment was on the sixth floor. Electrical work was being done in the building, and as a result the lights in the elevator cars and the hallways were not lighted for a period of 15 or 20 minutes. Respondent arrived during that interval. An unidentified person told respondent that the lights in the elevator cars were not lighted. Respondent entered an elevator car. He struck a match and found and pressed a button for the sixth floor. He ascended to the sixth floor and stepped into the hallway on that floor, which was in total darkness. He considered returning to the elevator, but did not. He entered the hall and proceeded therein in search of his client's apartment. He lighted matches at times, but considerable of his progress was while no match was lighted. He ultimately walked through a doorway and continued until he fell down a flight of stairs and was injured. Judgment, insofar as it is in favor of respondent and against appellant, reversed upon the law and the facts, without costs, and complaint dismissed. The evidence establishes contributory negligence as a matter of law. (*Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513.) Wenzel, Acting P. J., Ughetta and Hallinan, JJ., concur; Murphy and Kleinfeld, JJ., dissent and vote to affirm the judgment, insofar as appealed from, with the following memorandum: Respondent was a business invitee and as such appellant owed him the duty of keeping the premises reasonably safe for his use. Appellant does not, on this appeal, contest the issue of negligence on its part. The narrow question presented here is whether, under all the circumstances, respondent conducted himself as a reasonably prudent man, which was a fact to be determined by the jury. Respondent's conduct as contributing to the accident should not be determined as a matter of law. (*Silverman* v. *Ulricka Realty Corp.,* 239 App. Div. 194.)