(December 4, 1962)

■ Maximino Camacho, Appellant, v. Morton Tabak, Defendant, and Bernard Tabak, Defendant-Respondent and Third-Party Plaintiff. Consolidated Edison Company of New York, Third-Party Defendant.

Memorandum by the Court. Judgment for defendant on dismissal of the complaint affirmed, with costs. The plaintiff, a vistor to a tenant in defendant's multiple dwelling, arrived after dark. He found the building in darkness due to an electrical failure. He managed to ascend the stairs and find the apartment he intended to visit. Here also there was no electric light, and the room was lit by candles. The condition continued and was unchanged when he left. He sought no assistance from his host and, in attempting to descend the stairs, he fell. Giving him the best inference that the proof allows, we assume that he fell because of the darkness. We believe the dismissal to have been proper. Plaintiff was perforce aware of the situation as regards lighting when he ascended the stairs. He knew that unless conditions changed it would be the same when he left. When he elected to go he knew what he was going to encounter. While it was not unreasonable for him to leave the apartment, he assumed a certain risk. He knew when he went up the stairs that he would soon be coming down and that unless the current was restored in the interim he would be facing whatever

609

danger the lack of light entailed. With full knowledge of the peril he elected to leave.

EAGER, J. (dissenting). I dissent. The trial court dismissed plaintiff's complaint on the merits at the close of his case solely on the ground that the plaintiff had failed as a matter of law to show himself free from contributory negligence.

The plaintiff, a visitor to a first-floor tenant in a multiple dwelling, sustained personal injuries at about 10:00 P.M., October 3, 1957, when he missed a step while descending the stairway connecting the first floor with the ground floor. A breakdown in the supply of electrical current to the premises had occurred earlier that same evening, and at the time of the accident the building was in darkness.

We are agreed that the action is grounded in negligence and that the contributory negligence, of the plaintiff, would defeat his action. But, under the circumstances here, the question of plaintiff's contributory negligence was clearly one of fact for the jury. The plaintiff, on entering the premises at 9:30 P.M., to visit the tenant, had ascended the stairway without difficulty while it was, apparently, in the same state of darkness. On completing his visit, some 20 or 25 minutes later, he had no way to leave the premises except by this stairway. The lights had been extinguished for some time, and he had no means of knowing whether or not the stairway would again be lighted that evening. Certainly, if he proceeded cautiously, he was entitled to make his exit from the building.

This is not a case where a plaintiff, proceeding in darkness, was continuing on in "an unfamiliar situation" or making his way in unfamiliar surroundings or "in a strange place". (See *Rohrbacher* v. *Gillig*, 203 N. Y. 413, 418; *Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513, 515; *Midgett* v. *Mastropoalo*, 277 App. Div. 792.) The plaintiff had been up and down these stairs before and, in fact, had negotiated them without mishap in the darkness just a half hour prior to the accident. Consequently, he was not facing unknown danger. Furthermore, it may not be said that his actions were entirely voluntary or without "good reason" (cf. *Rohrbacher* v. *Gillig*, supra, p. 418; also *Hruska* v. *Stewart & Co.*, 272 App. Div. 910, affd. 297 N. Y. 829). There was justification for plaintiff leaving as and when he did. It was late in the evening and he was entitled to go home. The defendant could not, by failing to light the stairway, force him to remain overnight. There was no other means of egress, and, under these circumstances, it was only necessary that he proceed cautiously in descending the stairs. (See *Sodekson* v. *Lynch*, 314 Mass. 161.)

In view of the foregoing, it was error for the trial court to hold that, as a matter of law, the plaintiff was guilty of contributory negligence. It is clear, on the authority of many well-considered decisions, some of which are very close in point, that the question was one of fact for the jury. (See *Silverman* v. *Ulrika Realty Corp.*, 239 App. Div. 194; *Parker* v. *Two Jay Realty Corp.*, 284 App. Div. 351; *Perricone* v. *Abramo*, 231 App. Div. 755; *Brown* v. *Wittner*, 43 App. Div. 135; *Heinberg* v. *Sikora Realty Corp.*, 110 Misc. 323; *Mustavoi* v. *St. John The Baptist Foundation*, 158 N. Y. S. 717; see, also, *Knapp* v. *Fulton County Nat. Bank & Trust Co.*, 6 A. D. 2d 742.)

If a tenant, or a guest of a tenant, has no other means of ingress into or egress from a multiple dwelling except by way of a hall or stairway, and there is some justification for his cautious use of the same while it is in darkness, then, to hold that he proceeds in darkness at his peril and that he will be guilty of contributory negligence if he so proceeds is tantamount to a negating or shifting of the statutory responsibility, placed upon the landlord, for maintaining proper lighting.

Rabin, J. P., Steuer and Bergan, JJ., concur in Memorandum by the Court; Eager, J., dissents in opinion in which Valente, J., concurs.

Judgment for defendant on dismissal of the complaint affirmed, with costs.