CORNELIUS A. MURPHY *vs.* DAVID W. HUNTLEY.

Suffolk. December 3, 1924. — March 2, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Invited person, Licensee, Garage keeper. *Garage.*

One who, with two others, had been invited by the owner of an automobile to ride with him, had accompanied him to a public garage where the automobile was stored and, after waiting some time outside the garage, had entered the garage with one of his companions, had gone to the

basement and had entered the automobile, and was injured by reason of negligence of an employee of the proprietor of the garage when the automobile was in an elevator on the premises, cannot be found to have been on the premises as an invitee of the proprietor of the garage or entitled to recover in an action against the proprietor based on mere negligence of his employee if, besides the above facts, the only evidence relating to his presence in the garage was his testimony that while waiting outside the garage "a man came out of the garage whom he might have seen before and who worked around there; that the plaintiff did not see him afterwards on the same day; . . . that afterwards he saw inside the garage 'the party that asked me, we went in the garage with, the man we went in the garage with.'"

TORT for personal injuries. Writ dated May 10, 1920.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $700. The defendant alleged exceptions.

*W. D. Gray*, for the defendant.

*F. W. McEnery*, for the plaintiff.

BRALEY, J. The defendant maintained a garage for the storage of automobiles of customers, and the evidence warranted the jury in finding that the personal injuries suffered by the plaintiff were caused by the negligence of the defendant in the maintenance and operation of an elevator running from the basement to the main floor. In the afternoon of the day of the accident, one Kelley, accompanied by the plaintiff and two other persons, one of whom was a Miss Murphy, all fellow employees, left their employer's place of business and went to the garage, where Kelley's car was stored. The plaintiff testified that, while waiting with Miss Murphy on Bowker Street for the car, "a man came out of the garage whom he might have seen before and who worked around there; that the plaintiff did not see him afterwards on the same day; that the plaintiff and Miss Murphy went into the garage; that afterwards he saw inside the garage 'the party that asked me, we went in the garage with, the man we went in the garage with,' and also saw the two other members of the party; that Kelley was busy around his car and after Kelley cranked it the plaintiff and Miss Murphy got

into the car on the front seat; that Kelley was driving the car and the plaintiff was in the back seat; that the car was about fifteen or twenty yards from the elevator; that Kelley attempted to go out and he could not get by any machines." A man working around there then said "Pull right onto the elevator and I will take you up to the next floor." The car was in the basement, and Kelley testified, that he intended to go out at the entrance into Bowker Street where the plaintiff and other members of the party were to get in, but upon the suggestion of the defendant's employee in charge of the premises, instead of leaving by Bowker Street he drove the car onto the elevator for the purpose of using the entrance to Hawkins Street, which was on the floor above the basement.

The question for decision is, whether the plaintiff while on the elevator was an invitee of the defendant. The garage "was a garage where you took your car and offered it for storage and you paid the storage," and when he left the car in the morning Kelley received a slip which he took to the office in the afternoon and paid the storage charge. The contract gave to him, or his servants or agents, the right to go upon the premises for the purpose of removing the car subject to the defendant's general course of management, and under reasonable conditions of safety and convenience. *Norton* v. *Hudner*, 213 Mass. 257. *Collins* v. *Splane*, 230 Mass. 281.

The duty the defendant owed him did not on the record impliedly include Kelley's companions to whom he had apparently given the opportunity of riding with him. The jury undoubtedly could find on the plaintiff's testimony, that an employee of the defendant came out of the garage and spoke to him. But there is no evidence of what the employee said to, or "asked" the plaintiff, or that the employee was authorized to invite strangers to enter the premises, or that in the defendant's course of business it was generally understood, that companions of customers were entitled to the benefit of the customer's contract. If under the circumstances the plaintiff deemed it more convenient to board the car while in the garage rather than to wait on

Bowker Street, he was at most a licensee, and, there being no evidence of reckless, wanton or wilful conduct of the defendant, the motion for a directed verdict should have been granted. *Plummer* v. *Dill*, 156 Mass. 426. *Freeman* v. *United Fruit Co.* 223 Mass. 300. *Follins* v. *Dill*, 229 Mass. 321.

The entry must be exceptions sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 125.

<em>So ordered.</em>