LOUISA F. HUDSON et al., Respondents, *v.* CHURCH OF THE HOLY TRINITY, Appellant.

(Argued April 25, 1929; decided May 3, 1929.)

*Clarence S. Zipp* and *E. C. Sherwood* for appellant. There is no evidence of any negligence on the part of the defendant. (*Hamblet* v. *Buffalo Library Garage Co., Inc.*, 222 App. Div. 335; *Corbett* v. *Spanos*, 37 Cal. App.

200; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Carey* v. *Gray*, 98 N. J. L. 217.) Plaintiff was guilty of contributory negligence as a matter of law. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413; *Lindsley* v. *Stern*, 203 App. Div. 615.)

*James M. Fawcett* for respondents. Defendant's negligence was the failure to perform its duty to plaintiff. (*Lyman* v. *Putnam Coal & Ice Co., Inc.*, 182 App. Div. 705; 230 N. Y. 548; *Larkin* v. *O'Neill*, 119 N. Y. 221; *Storms* v. *Lane*, 223 App. Div. 79; *DeLee* v. *Pardy Construction Co.*, 222 App. Div. 374; *Campbell* v. *De Palma*, 193 App. Div. 905; *Murphy* v. *Broadway Improvement Co.*, 189 App. Div. 692; *Whithers* v. *Brooklyn Real Estate Exchange*, 106 App. Div. 255; *McNally* v. *Oakwood*, 210 App. Div. 612; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Hamblet* v. *Buffalo L. G. Co.*, 222 App. Div. 335; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.) The question of contributory negligence was properly submitted to the jury. (*Christensen* v. *Harmon*, 230 N. Y. 205; *Kenny* v. *Rhinelander*, 28 App. Div. 246; 163 N. Y. 576; *Lee* v. *Ingraham*, 106 App. Div. 167; *Clark* v. *New York Hotel Statler Co., Inc.*, 223 App. Div. 237; *Brown* v. *Wittner*, 43 App. Div. 135; *Totten* v. *Phipps*, 52 N. Y. 354; *Kettle* v. *Turl*, 162 N. Y. 255; *Conway* v. *Naylor*, 222 N. Y. 437; *Eastland* v. *Clarke*, 65 N. Y. 420; *Garland* v. *New York Zoological Society*, 135 App. Div. 163; *Palmer* v. *Larchmont Horse Ry. Co.*, 112 App. Div. 341.)

POUND, J. Defendant, a religious corporation, maintains premises on Pierrepont street in Brooklyn, where sewing is given out to women who call for it. If the material is returned the women are paid for their sewing. If it is kept they pay for it. The completed work is sent to the hospitals and other places. Plaintiff, Louisa F. Hudson, came to the premises on January 9, 1925, to pay for some material she had from the week before

and to get some more. She asked "someone," wholly unidentified, where the ladies' toilet was and was told to go down stairs. "Just around the corner there is a door and you go in." She testified: "I went down and everything was in perfect darkness. I did not open the door but I pushed it and I went in and went down." She felt her way through the darkness to the end of the hall, pushed open the cellar door and fell down stairs, sustaining injuries. There were two or three doors along the hall, one of which opened into the ladies' toilet. She has obtained a judgment for damages and her husband, plaintiff Herbert F. Hudson, has recovered a judgment for expenses and loss of services.

Assuming that the injured woman had permission from the defendant to go into the basement to make use of the toilet for her own convenience, in connection with the business which brought her to the premises, her status was that of an invitee. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79.) As such the defendant owed her a duty of reasonable care. While it was subject to no statutory duty to light the hall, it should refrain from directing the women who came to its premises to transact business with it into an unlighted hallway to find a toilet room in the dark, without instructing them as to the danger.

Plaintiff's duty in the circumstances was to look out for herself and not to feel her way where it was "so black and dark that she could not see anything." She should have refrained from proceeding down the unlighted hallway in unfamiliar surroundings without finding out where she might safely go. She elected to feel her way along in the darkness. She was guilty of contributory negligence as a matter of law. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413.)

We fail, however, to find any evidence in the case to establish the fact that defendant gave plaintiff an invitation to walk into the darkness or any assurance of safety

or was responsible in any way for the accident. The unidentified " someone " who directed her to the toilet might have been any one on the premises, not connected with the defendant. Nor does it appear that the toilet was maintained for the convenience of the women who came to the premises to receive or return materials or to pay for them.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.