ELLIOT BERGMAN, an Infant under the Age of Fourteen Years, by LOUIS W. BERGMAN, His Guardian ad Litem, and LOUIS W. BERGMAN, Appellants, *v.* BENJAMIN FEITELOWITZ, Respondent.

Second Department, February 11, 1938.

*Isidor E. Schlesinger* [*Leon Singer* with him on the brief], for the appellants.

*Joseph F. Lenihan,* for the respondent.

HAGARTY, J.  On the 24th day of November, 1933, the infant plaintiff, four years old, was playing on the stoop of a house owned by defendant, with the latter's infant son.  Admittedly these children were playmates, and it is not disputed that the infant plaintiff played there daily.  The porch consists of a raised approach and five steps leading to the doorway.  On both sides of the steps are two brick projections, on each of which a stone urn or flower pot rested.  There is no dispute that the boy fell from one of these brick projections to a driveway alongside the house, and that the urn resting on the lower of the two projections on that side of the steps was dislodged and fell at the same time.  An alleged eye-witness testified for plaintiffs to the effect that she saw the infant topple over and, as he did so, " the pot went with him."  On cross-examination, it appeared that the boy was in front of the pot, leaning against or straddling it.  The testimony of this witness is not clear, and is possibly evasive as to certain details.  The learned trial court justice stated that he did not " believe the accident occurred as testified to by your [plaintiffs'] witness.  You have failed to sustain the burden of proof."

Irrespective of the truth or falsity of certain details of the happening of the accident as testified by this witness, and from the conceded or undisputed facts, it seems clear that this boy was playing with the flower pot in some manner, either straddling it or sitting on it, which caused it to topple over, taking him with it, resulting in a broken leg.

The circumstances would not justify a recovery if the injured person were an adult, but, in my opinion, judgment for the defendant in this case, involving a child of tender years, was against the weight of the evidence.  The pot was filled with earth and weighed about one hundred pounds.  It was not fastened or cemented to the projection upon which it rested.

This boy was an invitee, and the defendant owed him the duty of taking reasonable precaution to prevent injury from play or childish proclivities with respect to objects which, as a matter of common knowledge, would arouse the interest of such a child. (*Boylhart* v. *DiMarco & Reimann, Inc.,* 270 N. Y. 217, 221.)  This doctrine prevails, under certain conditions, even with respect to trespassing children.  (Restatement of the Law of Torts, § 339.)

All these negligence cases involving children present difficult questions of fact based upon whether or not the circumstances

were such that the happening should have been reasonably anticipated and the mishap prevented. One important element, as recited in the aforesaid section of the restatement, is the utility or necessity of the instrumentality as contrasted with its potential peril to children. Thus, for example, in fire-escape cases, that element is often a dominating factor. Here, however, the pot in question was merely ornamental.

In my opinion, it was an act of negligence to invite or permit a child of tender years to play on this porch, incumbered as it was with heavy unfastened pots, and defendant, in the exercise of reasonable care, should have anticipated such danger and have made reasonable effort to avoid it, at least to the extent of cementing or otherwise fastening the pots to the projections on which they rested.

I am further of opinion that the provision of the New York Code of Ordinances cited by appellants (Chap. 23, art. 18, § 250) is without application, as this accident did not take place on a public street.

For the foregoing reasons, the judgment should be reversed on the law and a new trial granted, costs to abide the event.

CARSWELL, DAVIS and TAYLOR, JJ., concur; JOHNSTON, J., dissents and votes to affirm.

Judgment for defendant, dismissing complaint, reversed on the law and a new trial granted, costs to abide the event.