JOHN DONOHUE, by MYLES DONOHUE, His Guardian ad Litem, Respondent, *v.* ERIE COUNTY SAVINGS BANK, Appellant.

MYLES DONOHUE, Respondent, *v.* ERIE COUNTY SAVINGS BANK, Appellant.

Fourth Department, November 10, 1939.

*Joseph A. Marion*, for the appellant.

*Harold Horowitz*, for the respondents.

CROSBY, J. This is an appeal by defendant from a judgment recovered, by an eight-year-old boy, for injuries resulting from a fall into a hole or pit on premises owned by defendant. There is also an appeal from a judgment recovered by the boy's father in a derivative action. Defendant's premises consist of an apartment house accommodating several families. Included in such families there were, at the time of the accident, sixteen children of ages ranging from two to twelve. Back of the apartment house is a yard in which children living there, as well as children from the nearby houses, were accustomed to play. Close to the back wall of the apartment building was a pit about three feet square and eight feet deep, lined with a cement wall which rises a few inches above the surface of the ground. The pit leads to the cellar bottom and has something to do with the drainage of the cellar. At the time of the accident it was covered with a cover made of boards nailed to two-by-fours so as to form a solid cover that fitted the cement coping of the pit.

There is evidence to justify the jury in finding that the cover was improperly placed at the time of the accident so that when plaintiff stepped upon it the cover tilted, and caused him to fall to the bottom. This evidence is not disputed. Although disputed there is also evidence, on behalf of plaintiff, that the top of the cement coping to the pit was broken away somewhat on one corner so that it did not give even support to the whole cover, and it might be believed that this defect caused the cover to tilt when plaintiff stepped upon it.

Defendant's janitor and one of defendant's tenants testified that the boys of the neighborhood were repeatedly told not to play in the yard in question, and that they were " chased out " whenever found to be playing there. It is undisputed that there was a large vacant lot immediately adjacent to this yard, where the boys might have played, and that there was a public playground within a block or two where they could have played under the supervision of instructors. But it is entirely clear, indeed undisputed, that plaintiff and others played in defendant's back yard almost daily.

Whether or not the verdicts can be allowed to stand depends upon the question whether the plaintiff was an invitee, on the one

hand, or a trespasser or bare licensee on the other, for there is no evidence to support a finding that defendant willfully injured plaintiff, or that defendant was guilty of any active negligence or of anything approaching gross negligence.

In charging the jury the court said, in substance, that if they found that the plaintiff was a trespasser, he could not recover unless they found that defendant inflicted " wanton or wilful injury upon him," but that, if they found that defendant " acquiesced so as to create a situation there where by implication it consented that the plaintiff, John Donohue, could use the yard to play in," then " this defendant, Erie County Savings Bank, would be bound to take ordinary precautions not to permit unexpected dangers to exist in the premises or yard so used without giving warning."

We do not believe this is a correct statement of the law. Mere acquiescence would constitute plaintiff a bare licensee to whom the duty owed by defendant was but little more than the duty owed to a trespasser. The Court of Appeals said in the case of *Vaughan* v. *Transit Development Co.* (222 N. Y. 79): " If plaintiff had had no permission to come on the premises he would have been a trespasser. If he had been there by invitation or on lawful business of interest to both parties he would have been an invitee. But he was there by permission, for his own convenience, and his status was that of a bare licensee. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.) Long-continued acquiescence in such use does not become an invitation. The law does not so penalize good nature or indifference nor does permission ripen into right."

The Court of Appeals has also said: " As to mere licensees the extent of the obligation of the owners or occupiers of land not chargeable with affirmative negligence is to refrain from inflicting upon such licensees intentional or wanton injury and from setting dangerous devices thereon such as spring-guns or like agencies for the purpose of harming trespassers." (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240, 245.)

By no stretch of the imagination could this record be said to justify a finding that defendant was guilty of any " affirmative negligence." At the very worst it suffered a portion of the premises to become slightly out of repair.

It follows that unless the plaintiff was an invitee of the defendant he cannot recover. In determining that question we must, of course, give the plaintiff the benefit of all the evidence in his favor and disregard the testimony of defendant's janitor that he " chased " boys from the premises whenever he found them playing there.

Attention is called to all the testimony tending to show that the plaintiff and other boys were invitees.

The infant plaintiff's father said he often had seen children playing on the premises in question. " It seemed to be the same bunch of kids; they always played together; they played in our back yard, the one next door, and this one."

The infant plaintiff testified that he had played in the yard in question before the day of the accident and had seen the pit in question.

Robert Stiegle, a playmate, gave this testimony: " Q. Have you seen them play before this accident? A. Yes. Q. The janitor saw them play there? A. Yes, I *guess* he did. * * * Q. They continued to play while he was around? A. Yes."

The witness John Harlock, another playmate, told of playing in the yard in question on days before the accident, and, being asked the question: " You kept playing * * * and the janitor saw you playing there?" answered in the affirmative.

Another playmate, Allen Mudie, testified that he lived in defendant's apartment house, in the rear of which the accident occurred, and that he never invited plaintiff to come and play in his back yard but that the boys living in the several contiguous houses played indiscriminately in all the back yards.

In the foregoing testimony I see not a scintilla of evidence to support a finding that the boy was an invitee or anything more than a bare licensee.

There is one other bit of testimony that should be mentioned. A neighbor, Frances Harlock, said she had seen the boys playing in the defendant's yard, and she drew the conclusion that " they were *permitted* to play there." She also volunteered the information " that was the only place they had to play." This is contrary to the undisputed fact that there was a public playground in the near vicinity. And this witness did not say who it was that " permitted " the boys to play on defendant's premises. In any case permission points to license rather than invitation.

The plaintiff's brief might well have cited the case of *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567), for that case comes more nearly to sustaining the plaintiff's case than any other that can be found in this State. In that case the plaintiff's case was sustained by a bare majority of the justices in the Appellate Division, and by a bare majority of the judges in the Court of Appeals (260 N. Y. 604). Under the facts of the instant case we do not believe the decision in the *Holland Furnace Co.* case calls for an affirmance of the judgments here appealed from.

The court charged the jury that section 102 of the Tenement House Law called upon defendant to keep all parts of the premises, including the pit in question, in good repair, and that to fail to do

so would constitute an act of negligence toward this plaintiff. Even assuming that to be true, it was mere passive negligence of which a bare licensee cannot take advantage. That law is intended for the benefit of tenants and their invitees. The case of *Schabel* v. *Onseyga Realty Co., Inc.* (233 App. Div. 208) and the other cases cited in plaintiff's brief, are cases where a landlord's failure to obey the Tenement House Law resulted in liability to a tenant, the guest of a tenant or someone who was an invitee upon the premises. (See, also, *Polemenakos* v. *Cohn*, 234 App. Div. 563; affd., 260 N. Y. 524.)

The judgments appealed from should be reversed on the law, with costs, and the complaints dismissed, with costs.

All concur, except CUNNINGHAM, J., who dissents and votes for affirmance on the ground that the infant playing with the infant son of a tenant was an invitee. (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; affd., 260 N. Y. 604; *Bergman* v. *Feitelowitz*, 253 App. Div. 323.) Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

In each action: Judgment reversed on the law, with costs, and complaint dismissed, with costs.