MARY BOWERS, an Infant, by MAY BOWERS, Her Guardian ad Litem, et al., Appellants, *v.* CITY BANK FARMERS TRUST COMPANY, Respondent, Impleaded with Another.

Submitted March 8, 1940; decided April 16, 1940.

*Henry Cohen* and *Maurice Chachkes* for appellants. Defendant owed the infant plaintiff the duty to maintain its roof in safe condition. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Murtha* v. *Ridley*, 232 N. Y. 488; *Noonan* v. *O'Hearn*, 216 Mass. 583.) There was evidence of defendant's negligence. (*Collentine* v. *City of New York*, 279 N. Y. 119; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Connell* v. *Berland*, 223 App. Div. 234; 248 N. Y. 641; *Dorsey* v. *Chautauqua Institution*, 203 App. Div. 251.)

*Herbert F. Hastings, Jr.*, and *F. G. Mann* for respondent. The infant plaintiff was at most a mere licensee at the time of the accident; therefore, defendant's obligation to its tenants or their guests was immaterial and the complaint

was properly dismissed. (*Heskell* v. *Auburn L. H. & P. Co.*, 209 N. Y. 86; *Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Garthe* v. *Ruppert*, 264 N. Y. 290; *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Donohue* v. *Erie County Sav. Bank*, 258 App. Div. 1; *Vega* v. *Lange*, 248 App. Div. 521; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Walker* v. *Bachman*, 268 N. Y. 294; *Rosado* v. *Perch Realty Corp.*, 239 App. Div. 373; *Simmons* v. *Poughkeepsie Sav. Bank*, 255 App. Div. 887; *Counias* v. *Thomas*, 247 App. Div. 117; *Bergman* v. *Feitelowitz*, 278 N. Y. 620; *June* v. *Lichtenstein*, 253 App. Div. 766; *Horowitz* v. *Home Title Ins. Co.*, 258 App. Div. 901.) There was no proof of negligence on the part of defendant. (*Polemenakos* v. *Cohn*, 234 App. Div. 563; 260 N. Y. 524; *Saraceni* v. *Mount Vernon Trust Co.*, 271 N. Y. 514; *Keenan* v. *Lawyers Mortgage Co.*, 254 App. Div. 348; 280 N. Y. 525; *Miller* v. *El Mirasol, Inc.*, 163 Misc. Rep. 346; *Armstrong* v. *Rapp*, 165 Misc. Rep. 583; *Bergman* v. *Feitelowitz*, 278 N. Y. 620; *June* v. *Lichtenstein*, 253 App. Div. 766; *Horowitz* v. *Home Title Ins. Co.*, 258 App. Div. 901.)

Lewis, J.  The infant-plaintiff, while at play with other children on the roof of a tenement house owned by the defendant trust company, was permanently injured when she fell through a skylight to a concrete surface six floors below.  Her action for personal injuries thus sustained met with a nonsuit at Trial Term when, at the close of her evidence, the trial justice ruled as matter of law that at the time of her injuries plaintiff was not an invitee upon defendant's premises but a bare licensee to whom the owner owed no greater duty than to refrain from intentional or wanton injury. (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240, 243, 245; *Mendelowitz* v. *Neisner*, 258 N. Y. 181, 184; *Garthe* v. *Ruppert*, 264 N. Y. 290, 294, 295; *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198, 208; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110, 115.)  Having granted to the plaintiffs leave to appeal from the Appellate Division's unanimous affirmance of that ruling, we search the record to ascertain whether, giving to plaintiff the benefit of every

reasonable inference to be drawn from facts proved, there is evidence from which the jury might have found that at the time she was injured plaintiff was an invitee upon the defendant's premises. If so, and in the event she established her own freedom from contributory negligence, she was entitled to have the jury determine whether her injuries resulted from a failure by the defendant to maintain its premises in accord with the standard of reasonable care which the law requires of an owner in favor of an invitee. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513, 515; *DeLee* v. *Pardy Construction Co.*, 249 N. Y. 103, 105; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217, 221; *Collentine* v. *City of New York*, 279 N. Y. 119, 125.)

The record discloses proof from which the jury could have found that the plaintiff, a child of nine years, had accompanied a school friend to the latter's home in a fifth floor apartment of the defendant's building. Finding no one in the apartment, the plaintiff, in response to her friend's invitation, joined her as she mounted a flight of stairs which led from the fifth floor up to a door opening onto the roof where ten other children were then at play. The plaintiff and her friend soon found an acquaintance and immediately the three children engaged in a game of their own improvising. As the game progressed there came a time when the plaintiff was required to search for her two playmates. In doing so she climbed upon a quantity of stone slabs and bricks which were piled against the side of a ventilator shaft and skylight which projected above the roof and was capped by unscreened glass. It was while plaintiff was thus poised that the bricks beneath her moved in such a way that she fell through the skylight and down a shaft with resulting injuries which form the basis of her present action.

In addition to proof that the tenants in the building used the roof as a place to dry clothes, there is an abundance of evidence that for a period of months prior to plaintiff's accident children had played on the roof. Apparently the defendant's janitor — who was conceded to be in charge of the building — recognized in himself latent showmanship,

for it appears that on many occasions he dressed himself as a cowboy and came to the roof when children were at play and there in their presence practiced at throwing a lariat and performed tricks with a whip. There is also proof that when not engaged in this form of entertainment he was present on the roof when children were there at play. This evidence goes far to prove knowledge by the janitor that children were accustomed to play upon the roof — which knowledge the law imputed to the defendant. (*Dollard* v. *Roberts*, 130 N. Y. 269, 273, 274.) Its special value to the plaintiff's case becomes more apparent when read in connection with the following concession made on behalf of the defendant trust company in support of its successful motion for a nonsuit: " As the evidence now stands, this infant plaintiff came to the house as the guest of the little girl Kelly who was a tenant in the house. I think I am entirely willing to concede that she had, as a guest of the child, the same rights as the child would have." It follows that to the plaintiff, a conceded " guest * * * [of] a tenant in the house," the defendant owed the same duty as it owed to its tenant. (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567, 570; affd., 260 N. Y. 604.) The " little girl Kelly," who invited the plaintiff to accompany her to the roof and who was conceded to be a tenant of the defendant, testified that she " went up there after school mostly every day " and that " there were other children up there on the roof playing."

Although it is true that the doctrine of attractive nuisance does not apply in this State (*Morse* v. *Buffalo Tank Corp.*, *supra*, p. 115) the jury was " entitled to take into consideration the well-known propensities of children to climb about and play." (*Collentine* v. *City of New York*, *supra*, p. 125; *Parnell* v. *Holland Furnace Co.*, *supra*, p. 571.) The jury should also have been permitted to consider whether the loose slabs and bricks had been securely piled against the raised skylight below which was a ventilator shaft extending down at least six floors. In that connection we have it in mind that the standard of care required of children is at times

lower than that which would be required of an adult under the same circumstances. (*Gloshinsky* v. *Bergen Milk Transportation Co.*, 279 N. Y. 54, 58.) " Their proclivities as matter of common knowledge might draw them to such objects in the course of play." (*Boylhart* v. *DiMarco & Reimann, Inc.*, *supra*, p. 221.)

We reach the conclusion that there was evidence from which the jury could have found that at the time of her injuries the infant plaintiff was an invitee upon the roof of defendant's building, and that the defendant failed in its duty to exercise reasonable care to maintain the place in safe condition for her use.

The judgments should be reversed and a new trial granted, with costs in all courts to appellants to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Judgments reversed, etc.