JOHN DONOHUE, by MYLES DONOHUE, His Guardian ad Litem, Appellant, *v.* ERIE COUNTY SAVINGS BANK, Respondent.

MYLES DONOHUE, Appellant, *v.* ERIE COUNTY SAVINGS BANK, Respondent.

Argued January 13, 1941; decided March 6, 1941.

*Harold Horowitz* for appellants.

*Joseph A. Marion* for respondent.

LOUGHRAN, J.  The infant plaintiff, a boy of eight, fell into a defectively covered pit upon premises owned by the defendant and was hurt.  In this action to recover for his injuries a judgment in his favor has been reversed and his complaint dismissed on the law.  The reversal was put

wholly on the ground that there is " not a scintilla of evidence to support a finding that the boy was an invitee or anything more than a bare licensee." (258 App. Div. 1, 4.)

Defendant's premises are a tenement house in which are twelve or more apartments. At the time he was hurt, the infant plaintiff was one of a number of boys who were playing together in the yard at the rear of this property. Some of the boys lived in the defendant's apartment house. The boy plaintiff and the others lived in contiguous properties. All the boys had been wont to play day by day throughout the connecting yards of their homes.

The boys who lived in the defendant's apartment house were witnesses for the infant plaintiff. One gave this testimony: " Q. You would go over to his yard and play with him? A. Yes. Q. And he would come over to your yard and play with you? A. Yes." Respecting the occasion in issue, the same boy testified in this fashion: " Q. Where did you start playing? A. Over in his yard, I think. Q. You were over there playing with him in his yard? A. Yes. Q. You played in his yard and then came over in your yard? A. Yes." There was also proof that the defendant previously knew that the boys had played their games upon its premises.

The jury were to consider not merely the facts directly sworn to by the witnesses but also the facts that were fairly and reasonably to be inferred therefrom. On a scanning of the evidence in that way, the jurors may have reckoned that at the time the infant plaintiff was hurt he was upon the defendant's property at the implied invitation of his playmates who made their homes there. In that view, he was not a bare licensee of the defendant. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442.) We are a long way from being able to say that such an interpretation of the appearances was one that no fair mind could have reasonably arrived at. The verdict recovered by the infant plaintiff should be reinstated.

The father of the infant plaintiff has appealed from a like reversal of a judgment in his favor in his companion action to recover the expenses of the treatment of his son's injuries. The verdict recovered by him in that action should be reinstated for the same reasons.

Defendant's arguments against the correctness of the charge of the trial judge to the jury are not open to it in this court for the want of requisite exceptions.

The judgments of the Appellate Division should be reversed and the judgments of the Trial Term affirmed, with one bill of costs to the plaintiffs in this court and in the Appellate Division. (See 285 N. Y. 744.)

LEHMAN, Ch. J., FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur; LEWIS, J., taking no part.

Judgment accordingly.