MARINA KYRIAK, by Her Guardian ad Litem CONSTANT KYRIAK, and CONSTANT KYRIAK, Appellants, v. 35–25 34TH STREET, INC., and Others, Respondents.

Second Department, February 16, 1942.

*George P. Brauburger* [*Edward R. McPherson, Jr.*, with him on the brief], for the appellants.

*Joseph F. Hanley*, for the respondents.

PER CURIAM. The complaint alleges both negligence and nuisance. The infant plaintiff was less than four years old at the time of the accident. She resided with her parents in one of the four units of defendants' apartment house. On the day of the accident she had been left in the care of a tenant in apartment "A," at the entrance of which she was injured. Each of the four units opened by separate entrances upon a recessed courtyard. The entrance to apartment "A" consisted of five concrete steps leading to an open foyer. On the sides of the steps concrete side walls or "cheeks" projecting out from the building had been erected. These were nine or ten inches wide upon their top surface. On either side on top of this projection flower pots with bases twelve and one-half inches by twelve and one-half inches and flaring out toward their top, filled with earth, were placed. The filled pots weighed about ninety or one hundred pounds. It is undisputed that the children living in the entire apartment had for a long time prior to the accident played in, about and on these entrance steps, and had been accustomed to climb upon the top of the side walls and play there, sometimes standing on the pots. Of this condition both the superintendent and the owner of the building had notice. On at least one occasion prior to this accident, one of the pots had fallen from its resting place when the superintendent placed part of his weight thereon while repairing an electric light near the entrance. The pots also were out of alignment on several occasions and tenants in the house testified that they would move if leaned against and could be shaken by a person's hand. In brief, because of their form and the fact that their bases were wider than the surface upon which they rested, the pots could be found to be in a tottery position and easy to dislodge. No testimony of an actual eyewitness to the accident was offered. The jury could have found that a witness, a few moments before the noise of the falling pot was heard, saw the infant plaintiff sitting on the steps with other children, while still other children were standing on the flower pot. When the attention of this witness, as well as others, was attracted by the crash, they saw the infant plaintiff lying on the concrete in front of the entrance with the fragments of the broken pot about her.

The court dismissed the complaint solely upon the authority of *Bergman* v. *Feitelowitz* (278 N. Y. 620), apparently on the theory that the Court of Appeals had held as a matter of fact that there

was no negligence. We find that authority is not controlling here. The *Bergman* case was tried before the court without a jury. At the close of the entire case the court stated that it refused to accept the testimony of the plaintiff as to the manner in which the accident happened. On appeal to this court the judgment was reversed on the law, one justice dissenting. (253 App. Div. 323.) The Court of Appeals reversed, holding that the defendant was not guilty of negligence as a matter of law. The question here is whether the plaintiffs have made out a *prima facie* case. In our opinion there was a question of fact raised and the plaintiffs were entitled to have the jury pass on it. (*Bowers v. City Bank Farmers Trust Co.*, 282 N. Y. 442.) In reaching this conclusion we have not overlooked the contention of the defendants that as no one saw the accident, any finding of the jury holding the defendants liable would have to rest on surmise, speculation and conjecture. We find that there is sufficient evidence, if accepted by the jury, to establish that the accident was caused by reason of a dangerous condition created and continued by the defendants. It was not necessary for the plaintiffs to offer evidence that positively excluded every other possible cause of the accident. (*Rosenberg v. Schwartz*, 260 N. Y. 162.)

The judgment should be reversed on the law and a new trial granted, with costs to appellants to abide the event.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event.