## BOLLINGER et al. v. GOTHAM GARAGE CO. et al.

### No. 245.

Circuit Court of Appeals, Second Circuit.

May 6, 1946.

Herbert F. Hastings, Jr., of New York City (F. G. Mann, of New York City, of counsel), for appellant.

Philip J. O'Brien, of New York City (William C. Morris and John G. Coleman, both of New York City, of counsel), for appellees.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This action arose out of an accident which befell Margaret Bollinger in the defendant's garage. She sued to recover damages for personal injuries sustained by falling into an unguarded elevator shaft on the ground floor of the garage at 102 West 46th Street, New York City. Her husband, Charles W. Bollinger, sued for loss of consortium and for medical expenses incurred on account of her injuries. Federal jurisdiction rests on diverse citizenship. The jury's verdict awarded Mrs. Bollinger $15,000 and Mr. Bollinger some $3,800. From the resulting judgments the defendant has appealed. It contends that there was no proof of any actionable negligence on its part; that Mrs. Bollinger was guilty of contributory negligence as a matter of law; and that the court erred in its charge.

In the view we take of the case only the first of these contentions need be considered. After an evening's entertainment at several night clubs, Mr. and Mrs. Bollinger, the latter's mother, Mrs. Moore, and their friends, Mr. and Mrs. Pierce, took a taxicab to the defendant's garage where Mr. Pierce had left his automobile. The garage building has a frontage of 40 or 50 feet on the south side of 46th Street, is 100 feet deep, and has six floors including the basement. The main driveway into the building is on the west side and opening off it is a small office which was lighted by an electric bulb on the night in question. On the east side is another driveway leading out from the elevator which is used to take

cars to and from the upper floors. Mr. Pierce stepped ahead of the rest of the party and gave his ticket to the attendant who was at the entrance of the office. The attendant then left to get Mr. Pierce's car, disappearing toward the rear of the garage which was dark save for such light as came through the window of the office. After the attendant was out of sight Mr. and Mrs. Bollinger, seeking a lavatory, walked toward the rear of the garage and after passing the office turned to the left which brought them into the vicinity of the elevator shaft adjacent to the east wall. It was too dark to distinguish the open shaft from the floor of the garage and Mrs. Bollinger stepped into it and fell to the basement, sustaining substantial injuries. There was no chain across the shaft because the attendant had taken it off while using the elevator to get Mr. Pierce's car from an upper floor.

It is the appellant's contention that the evidence summarized above fails to prove any breach of duty owed by it to Mrs. Bollinger. Undoubtedly Mr. Pierce's relation to the defendant was that of a "business visitor" as that term is defined in A. L. I., Restatement, Torts, § 332. and the Bollingers, as friends who accompanied him for the purpose of becoming passengers in his car, had the same status as did he. Id., Comment (d); Bowers v. City Bank Farmers Trust Co., 282 N.Y. 442, 26 N.E.2d 970; Donohue v. Erie County Savings Bank, 285 N.Y. 24, 32 N.E. 2d 777; Kelley v. Goldberg, 288 Mass. 79, 192 N.E. 513; Wingrove v. Home Land Co., 120 W.Va. 100, 196 S.E. 563, 565, 116 A.L.R. 1197. Had the accident happened because of a dangerous condition existing in the driveway giving access to the office, the defendant's duty would be clear. A. L. I., Restatement, Torts, § 343. But the situation is far different when a business visitor is injured in a part of the premises not held open for business purposes. The principle is admirably stated in Comment (b) of said section, namely, that "a possessor of land is subject to liability to another as a business visitor only for such bodily harm as he sustains while upon a part of the land upon which the possessor gives the other reason to believe that his presence is permitted or desired because of its connection with the business or affairs of the possessor and which as such is held open to the other as a business visitor." Upon the record before us no jury could find that the appellant had given a car-owner or his friends reason to believe that they were permitted to leave the office and search about in the dark or dimly lighted ground floor for toilet facilities. There is not a word of testimony that such facilities were provided anywhere in the building. If patrons desired to seek them, they were bound to ask the attendant. The appellant had no reason to expect them to wander into the unlighted portion of the garage. Having gone outside the area of her business invitation Mrs. Bollinger became at best a bare licensee. As such the only duty owed her by the possessor of the premises was to abstain from inflicting intentional, wanton or wilful injuries. Sanders v. Favorable Realty Corp., 290 N.Y. 591, 48 N.E.2d 171; see Hudson v. Church of Holy Trinity, 250 N.Y. 513, 166 N.E. 306. Accordingly the judgment must be reversed with directions to dismiss the complaint. So ordered.