HAROLD WAFFLE, Individually and as Administrator of the Estate of DONALD WAFFLE, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31299.) — Claimant appeals from a judgment of the Court of Claims dismissing his action against the State for the wrongful death and conscious pain and suffering of his deceased son, aged eighteen. Dismissal was directed on the trial at the conclusion of claimant's case. In the early evening of January 30, 1952, decedent left his home at South Edmeston, Otsego County, to hitchhike to New Berlin, Chenango County. The night was cold and windy. He was observed walking along Route 8 about seven that evening. During the night of January thirty-first he was found in the cellar of a building, suffering from severe head injuries and exposure, lying among broken cement posts and iron beams. He died a few hours later. The building had been erected in part upon private property and in part upon land appropriated for the highway right of way, its front about twenty-five feet west of the westerly edge of the pavement. Formerly used as a sand and gravel crushing plant, the machinery had been removed in the middle thirties. It has since remained unoccupied. It had no

floor at street level. The entrance toward the highway, eight feet wide, had been without doors for a long time. Land about it, including some in the rear belonging to the abutting owner, had been used by the State at various times for the storage of sand, stone and other materials incident to the reconstruction and maintenance of the highway. Broken cement posts from highway guard-rails had been thrown in the open cellar. Claimant contends that the building with its open entrance constituted a nuisance and a trap inviting decedent to use it as an incident of his travel along the highway. The reason for decedent's presence in the building can only be a matter of conjecture. To reach it required a deviation from the travelled portion of the highway. His status, on entering the building, was a question of fact. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442, 445.) The record does not sustain claimant's theory of a trap. If decedent were a trespasser the State owed him no greater duty than to refrain from wanton or willful negligence. If he were a bare licensee, it owed him the duty of refraining from active negligence. The record contains no evidence upon which liability could be predicated in either event. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.