**DE SOTO AUTO HOTEL, Inc.,**
**Appellant,**

v.

**Clarence McDONOUGH, Appellee.**

**No. 12198.**

United States Court of Appeals,
Sixth Circuit.

Feb. 18, 1955.

**254**

J. Martin Regan, Memphis, Tenn., Edward P. Russell, Canada, Russell, Turner & Alexander, Memphis, Tenn., on brief, for appellant.

Thomas R. Prewitt, Memphis, Tenn., Emmett W. Braden, Armstrong, Mc-Cadden, Allen Braden & Goodman, Memphis, Tenn., Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, on brief, for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

## PER CURIAM.

Following trial by jury with verdict in his favor, the appellee recovered a judgment against appellant for $11,-250.00 as damages for a broken leg resulting from a fall in appellant's storage garage in Memphis, Tennessee, alleged to have been caused by slipping on a spot of grease or oil on the floor of the garage.

Appellee was not a customer of the garage, but came to the garage from a nearby hotel with a business friend, who had stored his automobile in appellant's garage and was planning to take the appellee to the car owner's home. Appellee classifies himself as a business invitee and bases his claim on the alleged negligence of the appellant in failing to maintain its premises in a reasonably safe condition for such persons. American National Bank v. Wolfe, 22 Tenn. App. 642, 125 S.W.2d 193; Taylor v. McCowat-Mercer Printing Co., D.C.W. D.Tenn., 27 F.Supp. 880, affirmed 6 Cir., 115 F.2d 868. Appellant contends that appellee was merely a licensee, to whom it was not liable for injuries resulting from ordinary negligence. Its motion for a directed verdict based on that ground was overruled by the Trial Judge, who ruled as a matter of law that appellee was an invitee.

Counsel have been unable to cite to the Court any ruling of the Tennessee courts, which would be the law applicable to the case, involving a similar factual situation. The case of Texas Co. v. Haggard, 23 Tenn.App. 475, 134 S.W. 2d 880, certiorari denied 1939, relied on by appellant, does not, in our opinion, involve the same issue. Appellant relies upon Murphy v. Huntley, 251 Mass. 555, 146 N.E. 710, 37 A.L.R. 1447, decided in 1925, and Rhode v. Duff, 8 Cir., 208 F. 115, decided in 1913. Although the opinions in those cases contain some general language favorable to appellant's contention, it appears that in each case the injury occurred in a part of the premises to which the public was not invited. In addition, the development of the storage garage business in metropolitan cities during the past thirty years would cause this Court to consider the problem today under

materially different conditions than existed when those cases were decided.

 It is not necessary in order for a person to be a business invitee that he be expressly invited to come upon the premises for the purpose of doing business with the owner. An invitation is implied when the owner, by acts or conduct leads another to the belief that the use of the premises is in accordance with the design for which the place was adapted and allowed to be used in mutuality of interest. American National Bank v. Wolfe, supra; Garis v. Eberling, 18 Tenn.App. 1, 71 S.W.2d 215. The visit may be for the convenience or arise out of the necessities of others who are themselves upon the premises for such a purpose. Restatement, Torts, Sec. 332(d). In our opinion, the plaintiff, who accompanied the owner of the stored car for the purpose of becoming a passenger in the car with the owner, was entitled to the same status as the owner. Kelley v. Goldberg, 288 Mass. 79, 192 N.E. 513; Bowers v. City Bank Farmers Trust Co., 282 N.Y. 442, 26 N.E.2d 970; Donohue v. Erie County Savings Bank, 285 N.Y. 24, 32 N.E.2d 777.

Appellant also contends that the evidence failed to show that the dangerous condition had existed a sufficient length of time to enable appellant to know of its existence and in the exercise of ordinary care to have corrected it. Hill v. Castner-Knott Dry Goods Co., 25 Tenn.App. 230, 166 S.W.2d 638; Illinois Central R. Co. v. Nichols, 173 Tenn. 602, 118 S.W.2d 213. But this is not a case of danger resulting from a foreign substance on the floor placed there through the actions of a stranger, the presence of which would not reasonably be anticipated by the owner. The evidence showed that oil and gas were supplied to customers' cars in the immediate vicinity of the scene of the accident, that appellant knew that as a result the concrete became slippery at times, that it was the duty of the janitor to clean it off when such a condition existed, and that the janitor had not been in that part of the garage for possibly an hour. The evidence was sufficient to take the case to the jury on the issue of negligence. Great Atlantic & Pacific Tea Co. v. Randolph, 3 Cir., 64 F.2d 247.

The issue of contributory negligence on the part of the appellee was also properly left to the jury. Louisville & N. R. Co. v. Tucker, 6 Cir., 211 F.2d 325.

The judgment is affirmed.