Matthew M. Levy, J.
This is an action for damages for personal injuries. The cause was tried without a jury. Findings of facts and conclusions of law were duly waived. It was stipulated that, if the plaintiff were entitled to recover, her damages amounted to $6,000. The only issue tried before me, therefore, was the liability of the defendants for the accident involved in this suit — that is, the negligence of the defendants on the one hand and the contributory negligence of the plaintiff on the other.
The plaintiff is the mother of the defendant Lillian Aronowitz and was the mother-in-law of the defendant Sam Aronowitz *872 (who died during the trial of this action). It appears that the defendants had brought the plaintiff to their home on October 24, 1957. She was then 80 years of age and was to convalesce following her recent confinement in a hospital for about five months. This was the plaintiff’s first visit to her daughter’s home. The residence is a one-story and basement private dwelling. On the evening of the 26th and in the very early morning of the 27th of October, the defendants were away from their abode. On their return, they entered by way of the basement, and, as the weather was cold, they turned up the heat there, and left open the door leading from the basement to the living quarters so as to permit the heat to circulate upstairs where the bedrooms were located. Because of a pillar, the door when opened could not rest flat against the wall, but obstructed the hallway so that the electric switch there was obscured by the door and so that a space of only about 17 inches of the normal three feet of width of the hallway was available to a person walking through the hall. The defendants extinguished the basement light, went into the plaintiff’s bedroom, bade her ‘ ‘ Goodnight ’ ’, put out the lights in her bedroom and in the hallway, and retired.
In order to reach the bathroom from her bedroom, the plaintiff had to walk along the hallway and pass this open door. She had walked along this hallway and had used the bathroom on other occasions without mishap; never before had the hallway door leading to the basement been left open. On the night in question, the plaintiff — spurred by old age or illness or routine or a combination of all — was awakened, and was impelled to leave her bedroom to go to the bathroom to urinate. She did not put on any lights. As she was walking to the bathroom, she came in contact with the open door and fell down the steps to the basement. She sues for the resulting personal injuries.
The plaintiff was concededly a social guest. As such, she was a licensee — not a business guest or invitee — and she took the premises as she found them (Hirschman v. Hirschman, 4 A D 2d 630). In general, the host’s duty to a social guest is “ not to cause injury by gross negligence, recklessness or wanton and wilful misconduct “ not to set a trap or pitfall ”, “ not to injure, by active or affirmative negligence ” — “to warn against or remove defects which the [host] knows [or should reasonably anticipate] are likely to cause harm ”, “ and which he has reason to believe the guest is not likely to discover” (25 A. L. R. 2d 598, 602; James, Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees, 63 Yale L. J. 605, 606).
*873 The question is a close one. It may be that it can be said that the defendants could not reasonably have anticipated that the plaintiff would proceed entirely in the dark when going from her bedroom along the hallway en route to the bathroom. But it is my view that the defendants here did create a dangerous condition, known to them but not to the plaintiff, and that, in the exercise of reasonable caution under the circumstances, they should have realized that such condition involved an unreasonable risk.
In Waters v. Collins (5 A D 2d 358) “ [t]here was ”, as the court said (p. 360), “ evidence from which the jury could find that defendant opened the door in question after plaintiff’s arrival and failed to fasten the hook.” The court there held that “ there was, or so the jury might find, in the position and unsecured condition of the door, a trap or hidden danger, created by an affirmative act of the defendant, of which it was her duty to warn her licensee ”. So, in the case at bar, I find that, by their affirmative act, the defendants changed a safe place into an unsafe one — without warning the plaintiff of the danger. They thus rendered themselves subject to the holding that they were guilty of culpable negligent conduct (Faber v. Meiler, 278 App. Div. 849; cf. Roth v. Prudential Life Ins. Co., 266 App. Div. 872; Attler v. Attler, 149 N. Y. S. 2d 417, affd. 2 A D 2d 959).
But that alone does not warrant a judgment against the defendants. For the question remains whether the plaintiff, in walking through the unlighted hall, engaged in conduct which made her guilty of contributory negligence. I think she did. “ The perils of darkness usually are held to be assumed by one who voluntarily proceeds into it ”. (Prosser, Torts [2d ed.], § 77, p. 450; Hudson v. Church of Holy Trinity, 250 N. Y. 513.) In Dunn v. White Plains Housing Auth. (8 A D 2d 839, affd. 7 N Y 2d 944) it was held that a business invitee (whose status is more protected than that of a licensee) was guilty of contributory negligence as a matter of law in proceeding through a hallway in darkness when, due to electrical work being done, the lights in the building were off. Also, in Robinette v. Grillon (151 N. Y. S. 2d 730, 732), it was held that even one who may have been more than a social guest ‘ ‘ was guilty of contributory negligence as matter of law in walking into a space where she could not see and where she was not familiar with what she might encounter
I do not ignore the facts of the plaintiff’s age and illness. But there was no proof that, at the time of the accident (or, indeed, at the time of the trial, several years later) she was
*874 either senile, incompetent, mentally unaware or physically handicapped. Natural desire to use the lavatory promptly there certainly was. But there was no evidence of pain (urethral or other), of medical urgency or of somnolent daze which prevented or interfered with the plaintiff’s lighting the reading lamp in her room, or with her turning on the room-wall switch connected with the ceiling light there. Some effort was made by the plaintiff — in order to meet the burden cast upon her by our law to prove her freedom from contributory negligence — to show that these lights (if on) would have been insufficient to illuminate the hallway and the open door obstructing it on the way to the bathroom. But I have not been able to persuade myself that such lighting would have been useless. The uncontroverted fact is that the plaintiff was able to, but failed to, switch on any light, and proceeded in utter darkness down the hall. That, I find, on the facts, was negligence on her part which contributed to and was the proximate cause of the accident. That necessitates a holding, under the common-law rule in this State, that any recovery by the plaintiff is precluded (cf., as to the rule of comparative negligence, Giambrone v. Israel America Line, 26 Misc 2d 593, 598-601). Judgment is rendered for the defendants dismissing the complaint on the merits, and the clerk is directed to proceed accordingly. This memorandum constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.