MELVIN A. BRAGG, Respondent, *v.* DORA SMILOWITZ et al., Appellants.

Third Department, April 13, 1962.

*Bernard M. Rosen* for appellants.

*Monroe R. Davis* for respondent.

*Per Curiam.* This is an appeal by the defendants from a judgment in favor of plaintiff entered upon a jury verdict in a personal injury negligence action.

The defendants, who are husband and wife, operated a tavern in the hamlet of Woodbourne in Sullivan County. About 1:00 A.M. on October 27, 1957 the plaintiff, accompanied by a Mrs. Houghtaling, came to the defendants' place of business. Shortly after their arrival, he requested that they be served sandwiches. Mr. Smilowitz had gone to an apartment in a building to the rear of the tavern and his wife was in charge of the premises at the time. " You wait, Smiley will be right back and he will make you the sandwiches " is her version of what she said to plaintiff upon receipt of his order. He testified: " Mrs. Smilowitz told me to go back and out and around and holler up to the apartment to get Mr. Smilowitz to come down and make the sandwiches." Each account of the conversation had the corroborative support of witnesses who claimed to have heard it. Impliedly, the jury adopted the plaintiff's version of the episode.

The plaintiff did not await the return of Mr. Smilowitz. He departed from the barroom, walked through the kitchen, out its rear door and across the open space in the rear of the building. He then turned to his left into an alleyway and had proceeded a short distance when he fell down the stairs of an outside cellar entrance sustaining the injuries for which he has been awarded damages. The plaintiff was unfamiliar with the path traversed. The lighting conditions which he encountered are revealed by his testimony: " Q. Was there a light in the yard? A. No, there was no light in the yard. * * * Q. Now, were you able to see where you were walking after you left the kitchen? A. Well,

I could see a little out the kitchen door, and after I turned I could see the street out there, but I couldn't see where I was walking. * * * Q. Was there any light coming from the street? A. A little, but I could see the street. Q. Did it light any portion of the so-called alleyway? A. No, not where I was at. * * * Q. Were you able to see ahead of you? A. No. * * * Q. As you looked ahead could you see where you were stepping? A. No. Q. You continued to walk? A. Yes. * * * Q. But you were walking in the dark unable to see ahead of you; is that correct? A. That's right." Mrs. Houghtaling who with Mr. Smilowitz went immediately to the scene of the fall testified that the scope of her visibility was limited to the area disclosed by the illumination of a flashlight which he carried.

The proof established the negligence with which the defendants were charged. Implicit in the verdict of the jury was the finding that in directing the plaintiff into the darkened area for a purpose connected with the business of the tavern without instructing him of the dangers which were present, Mrs. Smilowitz failed to use reasonable care which was the measure of her duty to a business invitee. (*Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513.)

The plaintiff's duty in the circumstances was to conduct himself with proper regard for his own safety. Unable to perceive the existing conditions, he undertook to walk in unfamiliar surroundings and when injured was proceeding in total darkness. Although directed by defendants to undertake the summoning mission, as the jury has found, ordinary prudence required that he refrain from continuing through the unlighted alleyway without first finding out where he might safely go. He was guilty of contributory negligence as a matter of law. (*Dunn.* v. *White Plains Housing Auth.,* 8 A D 2d 839, affd. 7 N Y 2d 944; *Alexander* v. *Cavagnaro,* 4 A D 2d 689, affd. 4 N Y 2d 989; *Hudson* v. *Church of Holy Trinity, supra.*)

The judgment should be reversed on the law and the facts and the complaint dismissed, without costs.

Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.

Judgment reversed, on the law and the facts, and the complaint dismissed, without costs.