Darlene Lembeck, Plaintiff-Appellee, v. Juanita Hundemer Brady, d/b/a Nita's Place, Defendant-Appellant.

Gen. No. 66–21.

Third District.

December 29, 1966.

Rehearing denied January 24, 1967.

Hubbard, Hubbard, O'Brien & Hall, of Chicago, and Kavanagh, Scully & White, of Peoria, for appellant.

Knoblock & Ott, of Peoria, for appellee.

STOUDER, J.

This is an appeal from a judgment for $82,500 entered by the Circuit Court of Peoria County on a jury verdict in favor of Plaintiff-Appellee, Darlene Lembeck, on her claim for personal injuries against Juanita Hundemer Brady, d/b/a Nita's Place, Defendant-Appellant.

On Saturday afternoon, July 13, 1963, at about 3:30 p. m. Plaintiff met Joseph Klepfer, a friend. The latter invited Plaintiff to have a drink and for that purpose they went to Nita's Place, a tavern operated by Defendant. Defendant was tending bar at the time of the incident. Plaintiff and her companion seated themselves at the bar, Plaintiff ordering beer. During the absence of her companion, Klepfer, from the bar, Robert Petzing, who was seated several stools away, passed a note to Plaintiff. Shortly after Plaintiff had commenced her second beer she left the bar to go to the ladies' room, her companion testifying that she had asked Defendant for directions although the Defendant did not recall such request. To get to the ladies' rest room Plaintiff went through an archway with double louvered doors into a room where a stairwell was located. The room was about 14 feet by 15 feet and contained a pool table, two lounges, two tables for customers and several chairs. The ladies' rest room was partitioned off to the rear or north. The stairhead was at the east side of the room toward the rear. On the partition for the entrance to the ladies' room toward the rear was a sign saying "ladies" with direction arrows pointing in two different directions and on the lattice work over the west, waist-high wall of the stairwell, was a sign "Watch your step—Stairway." There were lights in the ladies' room, a bare, 100-watt bulb in the ceiling over the areaway in front of the stairhead, a 100-watt bulb in the conical-flared shade over the pool table, a fluorescent tube running north and south up against the ceiling and a light in the basement that would light up the bottom of the stairway. There were no outside windows in the room. Shortly after Plaintiff had left the bar, the Defendant heard a peculiar sound coming from the direction of the ladies' rest room and going to the top of the stairs discovered Plaintiff lying at the bottom of the stairs.

Defendant testified that when she opened her establishment at about 2 p. m. she had turned on the lights over the pool table and the lights at the top and bottom of the stairway, the same being operated on the same switch. Defendant testified that these lights were on at the time she discovered Plaintiff. Witnesses Klepfer, Petzing and a deputy sheriff, who arrived somewhat later, testified that the room was dark although they had no difficulty going through the room and that there was a light on at the bottom of the stairs. Plaintiff testified that she had not previously been in Defendant's establishment and that she had no memory of anything that occurred after she left the bar.

Three physicians testified to Plaintiff's injuries. She sustained a broken collar bone and skull fracture causing aphasia and loss of sense of taste and smell. Since the incident she has had convulsions or seizures resulting in dizziness, headaches, unconsciousness and loss of speech which symptoms are controllable by anticonvulsants.

Defendant in seeking a reversal of the judgment argues that the evidence is insufficient to support the verdict of the jury and that prejudicial misconduct of Plaintiff's counsel resulted in the denial of a fair trial to Defendant.

 Defendant argues the evidence shows as a matter of law, that Plaintiff was contributorily negligent or that Defendant was not negligent. Defendant asserts that if the room was dark Plaintiff was contributorily negligent by entering such room and that if the room was well lighted Plaintiff was negligent in failing to heed the warning of the posted signs. Defendant relies on cases such as Hudson et al. v. Church of the Holy Trinity, 250 NY 513, 166 NE 306 and Dunn v. White Plains Housing Authority, 7 NY2d 944, 165 NE2d 878, in which cases the court held that the Plaintiff's entry into darkened premises constituted negligence as a matter of law. However, in such cases the dark condition of the premises

was not controverted. In the instant case there is no question that the ladies' rest room was maintained for the convenience of patrons and the lighting conditions in the room as well as at the top of the stairs were controverted. It is also apparent from the evidence that the clarity and visibility of the signs indicating the rest room and stairway were controverted facts. Under such circumstances the issue of Plaintiff's contributory negligence was an issue properly submitted to and resolved by the jury. Geraghty v. Burr Oak Lanes, 5 Ill2d 153, 125 NE2d 47, Burke v. Piper's Super Service Station, 312 Ill App 656, 38 NE2d 785. The conflict in the evidence concerning the adequacy of the lighting and the visibility of the signs, made such facts also matters for the jury's determination and there was sufficient evidence to support its conclusions of Defendant's negligence.

 At a pretrial conference, Plaintiff's counsel informed the court he had learned from a pretrial deposition that Defendant, in the course of her duties of tending bar, had overheard a conversation between Plaintiff and another party in which Plaintiff had made a statement to such party which could be interpreted as either immoral or frivolous. At the pretrial conference, Plaintiff's counsel requested that such conversation be excluded from the trial as being immaterial to the issues in the case. The court ruled "I will permit them to state that a note was passed, what she did with it, anything that occurred from the time she left this stool prior to the accident, but I will not permit any reference to what was said in that conversation because I don't think it has any bearing on the accident, and, as I understand the law, a woman is supposed to be considered chaste until it is proven different, and such a remark as that I can't believe is such as would justify my permitting it to go before the jury." Defendant initially argues that the court should not have excluded the conversation in that it tended to show Plaintiff's state of mind to be such

150

that she would, of necessity, have acted in heedless disregard for her own safety. We find no merit in such argument. There is no evidence concerning Plaintiff's conduct or behavior from which it might be concluded that such conduct or behavior was affected by the conversation. On the contrary Defendant's own testimony was to the effect that she noticed no peculiar behavior on Plaintiff's part as the latter left the bar. In the absence of any proof that Plaintiff displayed mental stress, agitation or excitement, the conversation is not material to the issues involved.

█ Defendant also argues that in view of the court's order concerning the note and conversation it was highly prejudicial for Plaintiff's counsel in his final argument to refer to the possible effect of the note. In this connection we find from the record that the note was not admitted into evidence and that the only reference to it was by witness, Petzing, called by the Defendant. Petzing did not testify as to the contents of the note and was vague in any identification as to the recipient of the note. Defendant next argues that the restrictive order of the court made the note and its contents inadmissible, thereby precluding any reference to the note or its contents in argument under the rule announced in Ravenscraft v. Stull, 280 Ill 406, 117 NE 602 and Bulleri v. Chicago Transit Authority, 41 Ill App2d 95, 190 NE2d 476. Furthermore Defendant contends that the highly prejudicial remarks of Plaintiff's counsel in his final argument concerning the note or its possible relevancy were such that they constituted reversible error even though not objected to at the time, relying on such cases as Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249. As pointed out by Plaintiff and as sustained by the record, Plaintiff's counsel in his first closing argument to the jury made no reference to the note or its contents. Defendant's counsel in his closing argument referred to the note when he argued ". . . and he (Mr. Petzing) was there during the

greatest portion of the time that Mrs. Lembeck was there, and he had enough time while he was seated there and while Mr. Klepfer was gone to pass a note to Mrs. Lembeck.—Was she going to the rest room or was she going to read the note? I wonder what it was?—I think that we can logically suppose that while Mrs. Lembeck was in there she was reading that note or she was thinking about it." Plaintiff's counsel in his second closing argument stated there had been no attempt to say what was in the note or to explain why the note was important and concluded that the note passing incident should be disregarded. Under such circumstances we do not believe it necessary to consider the effect of the court's restrictive order. The matter of the note or its possible effect on the Plaintiff was first introduced into the arguments by Defendant's counsel. Defendant cannot now complain of argument which he originally interjected into the proceeding and to which he invited rebuttal. Darling v. Charleston Hospital, 50 Ill App2d 253, 211 NE2d 253.

■ Defendant contends that the court erred in refusing to give her instructions 15 and 16 dealing with intoxication of Plaintiff as related to the presence or absence of contributory negligence. The record discloses that there was no evidence of intoxication. There is no evidence that Plaintiff was in the tavern for an extended period of time, that she consumed other than a nominal quantity of beer or that her behavior as described by the witnesses, including the Defendant herself, indicated lack of sobriety. The court properly refused Defendant's instructions in the absence of any evidentiary basis therefor. Shore v. Turman, 63 Ill App2d 315, 210 NE2d 232.

What we have already said disposes of Defendant's argument that the amount of the verdict is excessive. Her argument is not that the verdict is beyond the

range of the serious injuries proved but only that the amount was influenced by the prejudicial conduct of Plaintiff's counsel. Since we have already found that such conduct of Plaintiff's counsel was not prejudicial it follows that the jury was not improperly influenced thereby.

We find no merit in Defendant's other assignments of error and do not believe that they require discussion. Finding no error in the judgment of the Circuit Court of Peoria County, judgment affirmed.

Judgment affirmed.

CORYN, P. J. and ALLOY, J., concur.